Affirmed and Memorandum Opinion filed May 15, 2007








Affirmed and Memorandum Opinion filed May 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00819-CV

____________

 

NORMA HUNT, Appellant

 

V.

 

STATE OFFICE OF RISK MANAGEMENT, Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2003-31675

 



 

M E M O R A N D U M    O P I N I O N

This is an appeal from a judgment in a workers= compensation case
in which the jury found that appellant Norma Hunt did not sustain a compensable
psychological injury.  We conclude that  the evidence is legally and factually
sufficient to support the jury=s verdict, and that the trial court did
not err in denying Hunt=s motion for directed verdict. 
Accordingly, we affirm the trial court=s judgment.








I.  Factual and Procedural Background

On February 13, 2001, Hunt was working for the Texas
Department of Corrections in a picket.  A picket is a control room in a
correctional facility from which Hunt would control the locking and unlocking
of prison doors.  While working in the picket, Hunt began to sit down on a
chair with rollers, but the chair rolled away.  Hunt fell on her buttocks,
bracing her fall with her hands and sustaining physical injuries (hereinafter
the AOccurrence@).  As a result of
the fall, Hunt was injured in her neck, shoulder, and back.  Eventually, Hunt
underwent shoulder surgery and physical therapy.  There is no dispute that her
original physical injuries are compensable under the Texas Workers= Compensation
Act.  See Tex. Lab. Code Ann.
' 406.031 (Vernon
2006).  

Hunt continued to complain of chronic pain and had a
prolonged recovery process.  Dr. Yezak, Hunt=s chiropractor,
referred Hunt for psychological treatment, and, on February 20, 2002, Hunt
began to receive treatment for depression from psychologist Dr. Bricken.  Hunt
contended that her psychological conditionCsymptoms of
depression and panic attacksCis compensable as arising out of the
Occurrence.  Appellee State Office of Risk Management (hereinafter ARisk Management@) countered that
Hunt=s psychological
condition did not arise out of the Occurrence, and Risk Management contested
compensability before the Texas Workers= Compensation
Commission (hereinafter ACommission@).  After both the
administrative hearing officer and appeals panel determined that Hunt=s psychological
condition was compensable, Risk Management filed a petition for judicial review
in the district court.  








At the trial de novo, Risk Management, as the appealing
party, had the burden of proving by a preponderance of the evidence that Hunt=s symptoms of
depression and panic attacks were not compensable injuries.  See Tex. Lab. Code Ann. '' 410.301, 410.303
(Vernon 2006).  The jury found that Hunt=s compensable
injury of February 13, 2001 does not include a psychological component.  Based
on this verdict, the trial court rendered judgment in favor of Risk
Management.  

II.  Issues Presented

In three issues on appeal, Hunt challenges the legal and
factual sufficiency of the evidence to support the jury=s finding, and
argues that the trial court erred in denying her motion for directed verdict. 

                                        III.  Standards of Review

In determining whether legally sufficient evidence supports
the finding under review, we must consider the evidence in the light most
favorable to the challenged finding and indulge every reasonable inference that
would support it.  See City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005).  We must credit favorable evidence if a reasonable factfinder
could and disregard contrary evidence unless a reasonable factfinder could
not.  See id. at 827.  We must determine whether the evidence at
trial would enable a reasonable and fair-minded person to find the facts at
issue.  See id. 

In reviewing the factual sufficiency of the evidence, we
examine the entire record, considering both the evidence in favor of, and
contrary to, the challenged finding.  Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986).  After considering and weighing all the evidence, we set aside the
fact finding only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  Pool v. Ford Motor Co., 715
S.W.2d 629, 635 (Tex. 1986).  In analyzing all three of Hunt=s issues, we must
bear in mind that the factfinder is the sole judge of the credibility of the
witnesses and the weight to be given their testimony.  See id. at
819. 








                                                              

IV.  The Jury
Charge

The jury charge stated in pertinent part as follows:

YOU ARE INSTRUCTED THAT THERE MAY BE MORE THAN ONE PRODUCING CAUSE OF A
COMPENSABLE INJURY, BUT THERE CAN BE ONLY ONE SOLE CAUSE OF A COMPENSABLE
INJURY. IF NORMA HUNT=S PSYCHOLOGICAL INJURY WAS SOLELY
CAUSED BY SOME INCIDENT OR EVENT OTHER THAN HER COMPENSABLE INJURY OF FEBRUARY
13, 2001, THEN HER COMPENSABLE INJURY OF FEBRUARY 13, 2001 DOES NOT EXTEND TO
AND INCLUDE A PSYCHOLOGICAL INJURY.

Question Number 1

Do you find that Norma Hunt=s compensable injury of February
13, 2001 does not extend to and include a psychological injury?

Answer Ait does not extend to@ or Ait does extend to@ 

Answer:   ___________

AInjury@ means damage or harm to the physical structure of the body
and such diseases or infections as naturally result therefrom, and includes the
excitement, acceleration, or aggravation of any disease or condition previously
or subsequently existing.

ACompensable Injury@ means an injury that arises out of
and in the course and scope of employment for which compensation is payable.

AProducing Cause@ means an efficient, exciting, or contributing cause
which in a natural and continuous sequence produces incapacity.  There may be
more than one producing cause of an incapacity.

YOU ARE INSTRUCTED THAT THE
ADMINISTRATIVE LAW JUDGE WITH THE TEXAS WORKERS= COMPENSATION
COMMISSION FOUND THAT NORMA HUNT=S COMPENSABLE
INJURY OF FEBRUARY 13, 2001 DID EXTEND TO AND INCLUDE A PSYCHOLOGICAL INJURY. 
YOU MAY CONSIDER THIS FINDING AS EVIDENCE ALTHOUGH YOU ARE NOT BOUND BY IT.

The
jury found, Ait does not extend to[.]@  








At trial, no party objected to this charge; therefore, we
review the sufficiency of the evidence under this charge, without regard to
whether it is a correct statement of the law.  See Osterberg v. Peca, 12
S.W.3d 31, 55 (Tex. 2000) (holding that court could not review the sufficiency
of the evidence based on a particular legal standard because that standard was
not submitted to the jury and no party objected to the charge on this ground or
requested that the jury be charged using this standard); Hirschfeld Steel Co. v. Kellogg Brown
& Root, Inc.,
201 S.W.3d 272, 283B86 (Tex. App.CHouston [14th Dist.] 2006, no. pet.) (reviewing sufficiency
of evidence based on unobjected-to jury instruction and rejecting various
arguments based on different legal standards).  

                                                    V.  Analysis

Under the charge submitted, the jury could have reached its
conclusion by deciding either that (1) Hunt=s injury arising
out of and in the course and scope of her employment on February 13, 2001 does
not include a psychological injury, or (2) Hunt=s psychological
injury was solely caused by some incident or event other than Hunt=s injury arising
out of and in the course and scope of her employment on February 13, 2001.  In
reaching its verdict, the jury considered the testimony of Dr. Sandra Hotz, who
has a doctorate in counseling psychology and a master=s degree in
clinical psychology.  Dr. Hotz based her opinions on reasonable psychological
probability.  We summarize her testimony relevant as follows:  

$                  
Hunt had
depression that preexisted her fall and physical injury.  

$                  
After
conducting her review, Dr. Hotz does not believe Hunt=s physical injury caused her
depression.

$                  
As a result of
the fall, Hunt sustained acute physical injuries to her back, her hip, and her
shoulder. Hunt=s physical-therapy records indicate
that she had pain following her fall but that she was reporting more pain that
she was actually experiencing.

$                  
Hunt also
indicated that she has cardiac issues, and Dr. Hotz testified that these may
cause physical symptoms that look very much like a panic attack.








$                  
People dealing
with chronic pain sometimes develop significant anxiety, which they sometimes
label a panic attack.

$                  
According to
Dr. Hotz, there are multiple Apotential progenerators of what=s being described as a >panic attack.=@ Hunt=s medical records contain
indications that her panic attacks are a result of her injury and pain, but the
records also indicate that Hunt was attending classes that caused a panic
attack.  There are also indications that hormones may have caused Hunt to have
a panic attack.

$                  
Hunt initially
reported a variety of stressors to Dr. Bricken, including stress related to (a)
the possible need to return to work when she felt that she was not physically
capable of doing so, (b) her own lack of assertiveness, (c) her attempts to
reconcile with her ex-husband, (d) her efforts to lose weight,
(e) her diabetes, (f) caring for a grandchild whom Hunt was physically
unable to lift, (g) her sister=s death from a heart attack, and (h) Hunt=s fear that she would have a heart
attack.

$                  
When people
suffer a psychological injury as a result of their chronic pain, they are very
often able to identify the chronic pain as a source of their psychological
injury.

$                  
Personality
factors unrelated to Hunt=s work injury are causing Hunt to
over-report her symptoms.

$                  
Although
anxiety frequently occurs with depression, Dr. Hotz does not consider the
symptoms described in Hunt=s medical records to be the kind of anxiety that typically coexists
with depression.

$                  
Hunt=s symptoms of depression appear
highly correlated with psychosocial stressors.

$                  
Frequently, in
his records, Dr. Bricken makes no reference to Hunt suffering any pain,
indicating he did not see anything that caused him to decide he needed to write
about any pain suffered by Hunt in that session.

$                  
Although Dr.
Hotz testified that Hunt=s symptoms Aare consistent with major
depression and pain disorder with psychological factors and a general medical
condition,@ Dr. Hotz identified this Ageneral medical condition@ as degenerative disc disease
unrelated to an acute injury.  Dr. Hotz noted that Hunt=s primary orthopedic doctor
observed Aa degenerative change at L4-5@ and another doctor diagnosed Hunt
with spondylosis.








$                  
According to
Dr. Hotz, Hunt=s psychosocial issuesCnot her chronic painChad a correlation to Hunt=s symptoms of depression one year
after her fall.

$                  
Dr. Hotz=s opinion regarding the causation
of Hunt=s psychological injury is
strengthened by statements in Dr. Schoonmaker=s records indicating that Hunt suffers from mood
swings, bipolar disorder, and manic symptoms, which frequently have a genetic
basis.  Dr. Hotz finds these symptoms incompatible with a major depressive
disorder.

$                  
According
to Dr. Hotz, Dr. Bricken incorrectly concluded that there is a causal
connection between Hunt=s psychological condition and the
compensable injury that she sustained.  

Hunt argues that the evidence is legally insufficient
because some of Dr. Hotz=s testimony contradicts the testimony
summarized above and does not support the jury=s verdict.  This
argument lacks merit.  As the trier of fact, the jury is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony.  See
GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 615B16 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  Given this conflicting testimony, the jury was
entitled to believe only the part of Dr. Hotz=s testimony that
supported a finding that Hunt=s compensable injury of February 13, 2001
does not include any psychological injury.  See Crnic v. Vision Metals, Inc.,
No. 14-03-01307-CV, 2005 WL 81629 , at *3 (Tex. App.CHouston [14th
Dist.] Jan. 6, 2005, no pet.) (mem. op.).  While Hunt focuses on testimony
indicating that Hunt=s fall aggravated her pre-existing
depression, the above testimony is legally sufficient evidence to the contrary.

Hunt also argues that Dr. Hotz=s testimony did
not address her panic attacks in a way that would support the jury=s verdict.  We
disagree.  Dr. Hotz testified that Dr. Bricken was incorrect in his diagnosis
that there was a causal connection between Hunt=s Apsychological
condition@ and the compensable injury she sustained.  Under the
applicable standard of review, this testimony would include Hunt=s panic attacks as
well as her symptoms of anxiety and depression. 








In sum, we conclude that the evidence summarized above
would enable fair‑minded people to reach the verdict under review in this
case.  Therefore, the evidence is legally sufficient. See City of Keller,
168 S.W.3d at 827.  Consequently, the trial court did not err in denying Hunt=s motion for
directed verdict.

In addressing Hunt=s
factual-sufficiency challenge, this court may not substitute its own judgment
for that of the trier of fact, even if this court would reach a different
answer on the evidence.  Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402,
407 (Tex. 1998).  The jury is the sole judge of the credibility of the
witnesses and the weight to be given to their testimony.  See GTE Mobilnet
of S. Tex. v. Pascouet, 61 S.W.3d 599, 615B16 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  The amount of evidence necessary to affirm a
judgment is far less than that necessary to reverse a judgment.  Pascouet,
61 S.W.3d at 616.  Although the testimony of Dr. Hotz is not particularly
forceful, after considering and weighing all the evidence, we conclude that the
jury=s verdict is not
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986).  Thus, under the applicable standard of review, the evidence is
factually sufficient to support the jury=s verdict.

We overrule each of the issues presented on appeal and
affirm the trial court=s judgment.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 15, 2007.

Panel
consists of Justices Frost, Seymore, and Guzman.