# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00505-CV

**Jo Dee Kaspar-Wells, Individually and as Trustee of the Jody Aiello Trust, Appellant**

**v.**

**Jodie Mowdy, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
## NO. 05-0564-CC2, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal concerns whether the trial court erred in finding that the breach of a lease provision relating to who will be "occupants" of the leased premises was not material. We affirm.

The details of this case are set out in greater detail in our previous opinion in this case. *See Kaspar-Wells v. Mowdy*, No. 03-06-00026-CV, 2007 Tex. App. LEXIS 2073 (Tex. App.—Austin Mar. 16, 2007, no pet.) (mem. op.). Mowdy lived in the house with her long-time companion, Jo Dee Kaspar-Wells's grandfather. After his death in 2000, Mowdy leased the house from Kaspar-Wells and Kaspar-Wells's now-deceased mother, Jody Aiello. During the term of the lease, Mowdy married and her husband moved into the house. In our previous opinion, we determined that the lease unambiguously allowed only Mowdy to reside in the house under the provision of the lease that states "Occupants (other than Tenant): None." We reversed the trial court's judgment that she did not breach the lease by allowing her husband to occupy the house. We

held that, by having an occupant other than herself, Mowdy breached the lease. We remanded the cause for further proceedings, including a determination of whether Mowdy's breach constituted a material breach. On remand, the parties submitted briefs to the trial court, which decided the issues based on the record from the previous hearing. The court found that the breach was not material.

In this appeal, Kaspar-Wells contends that the trial court erred by finding the breach not material. She also contends that the trial court erred in failing to find that, if Mowdy's breach was material, then the appropriate remedy would be to terminate the lease. Material breach by one party to a contract can excuse the other party from any obligation to perform and is generally a question of fact. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). Kaspar-Wells's first challenge is to the sufficiency of the evidence underlying the court's finding. She does not specify whether she challenges the legal or factual sufficiency of the evidence. We will set out the standards for both challenges.

We sustain a legal sufficiency complaint if the record reveals: (a) the complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). The ultimate test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to make the finding under review. *See id*. at 827. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is less than a scintilla and, in legal effect, is no evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

However, more than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id*. We review the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *See City of Keller*, 168 S.W.3d at 807.

When reviewing a challenge to the factual sufficiency of the evidence supporting a vital fact, we must consider, weigh, and examine all of the evidence in the record, both supporting and against the finding, to decide whether the finding should be set aside. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). We should set aside the finding only if the evidence that supports the finding is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The central issue in this appeal is whether the trial court committed reversible error by finding the specific breach at issue not material. The Texas Supreme Court has cited the Restatement of Contracts when examining the materiality of a breach of contract. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 633 (Tex. 2008); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994). The Restatement lists five circumstances as "significant" when determining whether a failure to render or to offer performance is material:

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

3

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; and

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Restatement (Second) of Contracts § 241 (1981).

Kaspar-Wells contends that the breach was material. Mowdy lived in the home with Kaspar-Wells's grandfather until his death, and the lease was allegedly created to fulfill his desire that Mowdy be allowed to remain in the house. Under the lease, Mowdy is allowed to live in the house rent-free provided she pays property taxes, insurance, maintenance, and utilities. The lease allows only one occupant—Mowdy—and expressly prohibits assignment or subleasing of the house without Kaspar-Wells's consent.

There is also evidence, however, that the breach was not material. Although the lease expressly lists actions that the "Tenant agrees to" and others than the "Tenant agrees not to" take, moving in another occupant is not expressly listed in either category. The termination date of the lease is the "[d]ate Jodie Mowdy moves out or vacates residence or does not pay property taxes or maintain insurance." In addition to not being expressly prohibited, moving in another occupant is not listed as a basis for termination. Kaspar-Wells agreed that the parties to the lease "did not put anywhere in the lease about any other persons ever living there . . . ." She testified that "[i]t actually never crossed our mind" that anyone else might live in the house.

4

We conclude that factually and legally sufficient evidence supports the trial court's finding that the breach was not material. The lease was created so that Mowdy could continue to live in the home of her long-time companion, now deceased, in exchange for Mowdy paying taxes, insurance, and other bills. Those responsibilities are being met. The parties did not consider the issue of Mowdy moving in an additional occupant in the form of a husband as important enough to list among the express prohibitions or bases for termination of the lease. Mowdy moving in her new husband did not deprive Kaspar-Wells of a benefit she reasonably expected from the lease. There is no compelling evidence regarding the remaining Restatement factors.[1] We conclude that the evidence is legally and factually sufficient to support the trial court's finding that the breach was not material.

Because we conclude that there is sufficient evidence to support the trial court's finding that the breach was not material, we need not address Kaspar-Wells's second issue concerning the appropriate remedy under the lease for a material breach.

Affirmed.

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 28, 2008

---

[1] For example, there is no evidence regarding what compensation—e.g. rent—might compensate Kaspar-Wells for the breach of her asserted expectation that Mowdy would remain alone in the house. There is no evidence regarding whether Mowdy will cure her breach—e.g. move herself and/or her husband out of the house—although the sense is that she intends to remain in the house with her new husband indefinitely without paying rent.