

# NUMBER 13-11-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GABRIEL AGUILAR,**                                    **Appellant,**

**v.**

**JESUS HUMBERTO HERNANDEZ,**                 **Appellee.**

---

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellee Jesus Humberto Hernandez sued appellant Gabriel Aguilar for breach of

contract and quantum meruit. A jury found Aguilar had failed to comply with the

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

construction agreement (breach of contract) and Hernandez had performed compensable work for Aguilar (quantum meruit). The jury awarded Hernandez $45,143.32 as damages. It also awarded Aguilar $4,400.00 for repairs he made to the apartments. The trial court entered judgment in favor of Hernandez and awarded Hernandez actual damages in the amount of $40,732.32.

By four issues, Aguilar contends: (1) the evidence is legally and factually insufficient to establish that he failed to comply with the construction agreement; (2) the evidence is factually insufficient to establish that Hernandez performed work for which he should have been compensated; (3) the trial court erred in admitting Hernandez's Exhibit No. 1; and (4) the trial court erred in denying Aguilar's motion for new trial. We affirm, as modified.

## I. SUFFICIENCY CHALLENGES

### A. Breach of Contract

By his first issue, Aguilar challenges the legal and factual sufficiency of the evidence to establish that he failed to comply with the construction agreement. Aguilar claims that he paid Hernandez $204,000.00 and that he did not owe Hernandez an additional $45,000.00.[2] Aguilar argues that the evidence at trial does not support a finding that he ever agreed to pay Hernandez an additional $45,000.00. We construe Aguilar's argument as a challenge to the sufficiency of the evidence to establish that Aguilar agreed to pay the additional $45,000.00 to Hernandez.

---

[2] Throughout the trial, the parties often rounded the money amounts to the nearest thousands or hundreds of dollars.

## 1.    Standard of Review

In reviewing a legal sufficiency issue, the court reviews all evidence in the light most favorable to the challenged finding and indulges every reasonable inference in support of that finding.  *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).  A legal sufficiency challenge will be sustained if the record shows one of the following:   (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence that bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact.  *Id.* at 810.  In reviewing factual insufficiency issues challenging a jury verdict, if the evidence in support of a finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, there is no evidence to support such a finding, and it must be reversed.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

"Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony.  They may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary."  *City of Keller*, 168 S.W.3d at 819.  "Most credibility questions are implicit rather than explicit in a jury's verdict."  *Id.*  Therefore, reviewing courts must assume that the jurors decided all credibility questions in favor of the verdict if reasonable persons could do so.  *Id.* "Courts reviewing all the evidence in a light favorable to the verdict thus assume that jurors credited testimony favorable to the verdict and disbelieved testimony contrary to it." *Id.*  "For example, viewing the evidence in the light favorable to the verdict means that if

. . . the parties to an oral contract testify to conflicting terms, a reviewing court must presume the terms were those asserted by the winner." *Id.*

### 2. Applicable Law

To support his breach of contract claim, Hernandez was required to prove (1) the existence of a valid contract, (2) that Hernandez performed or tendered performance, (3) that Aguilar breached the contract, and (4) that Hernandez was damaged as a result of the breach. *See Critchfield*, 151 S.W.3d at 233. The elements of written and oral contracts are the same and must be present for a contract to be binding. *Id.* Moreover, Hernandez was required to prove the following elements underlying the formation of a valid and binding contract: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See id.* Consideration is also a fundamental element of every valid contract. *Id.*

### 3. Evidence

Aguilar testified that he had an oral agreement with Hernandez to pay him $176,000.00 for constructing eight apartments. The apartments were to be the same as existing apartments Aguilar owned, except that the new apartments were to have an extra bathroom. Aguilar explained that he paid Hernandez $204,000.00, an amount that included the agreed-upon $176,000.00 and $28,000.00 for expenses. A portion of the money for expenses, $22,000.00, covered cement for parking spaces. Aguilar testified that he did not owe Hernandez any more money and did not authorize the expenditure of money for additional services.

4

Hernandez testified that his agreement with Aguilar was to construct sixteen apartments at $28.00 a square foot, starting with the first eight apartments that form the basis of this lawsuit. According to Hernandez, based on the size of each apartment and the cost per square foot, Aguilar agreed to pay him $225,700.00 for the construction of the first eight apartments. Hernandez explained that the $225,700.00 amount did not include paving work, which added $22,200.00, bringing the total cost of the project to $247,900.00. Hernandez agreed that Aguilar paid him $204,000.00, leaving a balance of $43,900. A purchase order, admitted without objection as Plaintiff's Exhibit 2, and Hernandez's testimony describing the information on the purchase order, supported these figures. Hernandez also testified that Aguilar owed him $1,243.32, money he paid to Magic Valley Electric Co-op, Inc. (Magic Valley) for electric costs related to the eight apartments. Hernandez explained that these utility costs accrued after Aguilar rented the apartments, but before the meters were removed from the construction company's name. Plaintiff's Exhibit 3, an invoice inquiry report from Magic Valley, set out the amount owed on each of the eight apartments, with a past-due total amount of $1,243.32.

4.  **Analysis**

Hernandez and Aguilar, parties to an oral contract, testified to conflicting terms. Although Aguilar testified differently from Hernandez regarding construction costs, the jury was free to evaluate the witnesses' credibility and assign weight to their testimony. *See City of Keller*, 168 S.W.3d at 819.

In the instant case, Hernandez testified that he reached an agreement with Aguilar that he would receive as consideration $225,700.00 for the construction of the first eight

apartments plus $22,200.00 for the paving project, for a total cost of $247,900.00, plus $1,243.32 in electric fees. Aguilar testified that he only agreed to pay $204,000.00, which he had paid. The jury was entitled to believe Hernandez's testimony and disbelieve the testimony offered by Aguilar. *See id.*

The jury did not make an explicit finding regarding the amount of consideration upon which the parties agreed. The jury did find, however, that Aguilar failed to comply with his agreement with Hernandez and awarded Hernandez $45,143.32 in damages. Thus, the jury impliedly found that Aguilar agreed to pay $249,143.32, as testified to by Hernandez. The jury chose to believe Hernandez and disbelieve Aguilar. *See id.* Because it was supported by evidence, the jury's determination was not unreasonable, and we cannot impose our opinion to the contrary. *See id.*

Viewing all evidence in the light most favorable to the challenged finding and indulging every reasonable inference in support of that finding, we conclude that the evidence offered to prove the challenged term of the contract, the amount of compensation in this case, is more than a scintilla. *See id.* at 810, 822. Therefore, the evidence is legally sufficient to support the verdict. We also conclude that the evidence in support of this finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. We overrule Aguilar's first issue.

## B.  Quantum Meruit

By his second issue, Aguilar challenges the factual sufficiency of the evidence to establish Hernandez's alternative quantum meruit claim—that Hernandez performed

6

work for which he should have been compensated. Because our resolution of Aguilar's first issue is dispositive of the sufficiency issues and supports the jury's damage award, we need not address his second issue. *See* TEX. R. APP. P. 47.1.

## II. ADMISSION OF EVIDENCE

In his third issue, Aguilar contends that the trial court erred in admitting Plaintiff's Exhibit 1, a document titled, in Spanish, "Contract for the Construction of Eight Apartments." Aguilar's counsel objected that the document was "totally hearsay because [he could not] cross-examine a document since [his] client didn't even sign it." On appeal, Aguilar argues that he claimed the document was hearsay because the predicate laid was that it accurately reflected the agreement of the parties and because Hernandez referred to the document as a contract. Hernandez's counsel asserted that he was offering Exhibit 1, not as a written contract, but, rather, as an itemization of the work to be performed. He claimed that Hernandez offered Exhibit 1 to support his testimony about work to be performed.

Regarding Exhibit 1, Hernandez testified, among other things, as follows: (1) the document reflected the details of the work to be done on the project; (2) the paving work was extra and not included in the document; (2) Aguilar had no problem with anything in the document, withdrew the first $20,000.00, and Hernandez began work on the project; (3) it was Hernandez's understanding that the document set forth the work to be done on the project; (4) Aguilar did not sign the document; and (5) Hernandez sent Aguilar the document, but Aguilar did not return the original to him. Aguilar cross-examined Hernandez about Exhibit 1, specifically asking Hernandez whether Aguilar signed the

7

document. *See Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 242-43 (Tex. App.—Corpus Christi 1994, writ denied) (setting out that even though an objection to evidence is properly made, prior or subsequent presentation of essentially the same evidence without objection waives error). Hernandez responded that Aguilar had not signed that document. In addition, the parties stipulated that Aguilar did not sign Exhibit 1. Furthermore, Aguilar testified that he had never seen the document and that he saw it for the first time at trial. Therefore, Aguilar's counsel was able to cross-examine Hernandez and examine Aguilar regarding the document, which effectively neutralized Aguilar's claimed basis for his hearsay objection.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (op. on reh'g); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion only if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Based on our review of the record, we are not persuaded by Aguilar's argument, and we conclude that the trial court did not abuse its discretion when it admitted Plaintiff's Exhibit 1 because Aguilar's hearsay objection was properly overruled, as discussed above. Moreover, even were we to conclude error, it was harmless because the same or similar evidence was introduced, without objection, through Hernandez's testimony regarding the details of the work performed and the amount of agreed-upon compensation. *See Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984); *Atkinson Gas Co.,* 878 S.W.2d at 242. We overrule Aguilar's third issue.

8

### III. DENIAL OF MOTION FOR NEW TRIAL

By his final issue, Aguilar complains that the trial court erred in denying his motion for new trial. In support of his motion, Aguilar attached affidavits, which he claims established conclusively that Hernandez lied under oath in order to obtain a favorable verdict.[3]

We review a trial court's denial of a motion for new trial for abuse of discretion. *In the Interest of R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). Here, although Aguilar makes various allegations that Hernandez lied under oath, he points us to no authority indicating that the trial court's denial of his motion for new trial on this basis amounted to an abuse of discretion. Further, Aguilar cites no authority supporting his contentions. Because Aguilar failed to cite appropriate authority indicating that the trial court's denial of his motion for new trial was error, we conclude that Aguilar's fourth issue was inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(h).

### IV. MODIFICATION

The trial court's judgment in the clerk's record states that the jury awarded damages in the amount of $45,132.32. However, the jury charge filed in the clerk's record clearly reflects that the jury awarded Hernandez $45,143.32. We modify the judgment to accurately reflect the record and, after deducting $4,400.00 for repairs made by Aguilar, to award Hernandez actual damages in the amount of $40,743.32. The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b).

---

[3] Aguilar asserts that the attached affidavits established that Hernandez lied about building sixteen apartments and about completing the work for which he was hired.

### V.   CONCLUSION

We affirm the judgment of the trial court, as modified.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 18th
day of October, 2012.