

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00065-CV

BOBBY DALE CANNON                                                    APPELLANT

V.

MICHELLE DALENE CANNON                                               APPELLEE

-----------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In this appeal from a final divorce decree, Appellant Bobby Dale Cannon challenges the trial court's award of spousal maintenance to Appellee Michelle Dalene Cannon. We will affirm.

Bobby and Michelle married in April 1997. They have three children—C.C., born in 1997; S.C., born in 2000; and D.C., born in 2001.

---

[1]*See* Tex. R. App. P. 47.4.

Michelle filed for divorce in July 2012, alleging insupportability. Among other things, she requested that the trial court award her spousal maintenance. The parties reached an agreement regarding the division of property, conservatorship, and visitation, but the trial court conducted a final bench trial— at which only Bobby and Michelle testified—on the issues of child support and spousal maintenance. The trial court ultimately signed a final decree of divorce that ordered Bobby to pay Michelle spousal support in the amount of $650 per month, beginning on January 1, 2013, and continuing for five years.[2] The decree also designated Bobby and Michelle joint managing conservators of the three children and Michelle the parent with the exclusive right to designate the primary residence of the children, and it ordered Bobby to pay Michelle child support in the amount of $1,393 per month.

In three issues, which we construe as a single issue, Bobby argues that the trial court abused its discretion by awarding Michelle spousal maintenance because the evidence is legally and factually insufficient to support the award under either family code section 8.051(2)(A) or 8.051(2)(B).

We review a trial court's award of spousal maintenance for an abuse of discretion. *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied). Legal and factual sufficiency are not independent grounds of

---

[2]The trial court found "that [Michelle] lacks the ability to provide for the minimal needs of the spouse considering her financial resources and her lack of earning ability because of her lack of education, training, and current physical and emotional condition."

2

error in this context, but they are relevant factors in deciding whether the trial court abused its discretion.[3] *Id.* In determining whether there has been an abuse of discretion because the evidence is legally or factually insufficient, we consider whether the trial court had sufficient information upon which to exercise its discretion and whether it erred in its application of that discretion. *Newell v. Newell*, 349 S.W.3d 717, 720–21 (Tex. App.—Fort Worth 2011, no pet.).

Family code section 8.051(2)(B) allows a court to order maintenance if the spouse seeking maintenance (1) "will lack sufficient property, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's minimum reasonable needs" and (2) "has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs." Act of May 18, 2011, 82nd Leg., R.S., ch. 486, § 1, 2011 Sess. Law Serv. 1239, 1239 (West) (current

---

[3]We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

3

version at Tex. Fam. Code Ann. § 8.051(2)(B) (West Supp. 2013)).[4]  However, section 8.053(a)(1) establishes a presumption that spousal maintenance under section 8.051(2)(B) is not warranted unless the spouse seeking maintenance has exercised diligence in "earning sufficient income to provide for the spouse's minimum reasonable needs."  Act of May 18, 2011, 82nd Leg., R.S., ch. 486, § 2, 2011 Sess. Law Serv. 1239, 1240 (West) (current version at Tex. Fam. Code Ann. § 8.053(a)(1) (West Supp. 2013)).  Bobby's only contention under his section-8.051(2)(B) argument is that Michelle failed to overcome the section-8.053 presumption against spousal maintenance.

Michelle testified that she worked at Graham Oaks as a housekeeper "a month or two" before trial.  She explained that her employment there ended because she had to miss a few days of work in order to take C.C., who had Non-Hodgkin's lymphoma, to the hospital for treatment.  Michelle said that she was the one who had taken C.C. to the vast majority of C.C.'s doctor's appointments and that she would have to continue to take C.C. to the hospital for follow-up treatments, even though C.C.'s cancer was in remission.  Michelle additionally testified that she had attempted to get a job at Graham Oaks and at Wal-Mart. Bobby agreed that Michelle had "attempted to stay employed previously" and that she had stayed home to care for the children.  Bobby did not controvert

---

[4]We apply the version of the statute in effect when the divorce was filed.

4

Michelle's testimony that she had tried to get a job at Graham Oaks and at Wal-Mart.

Bobby argues that there is no evidence that the income that Michelle exercised diligence in earning was sufficient to meet her minimum reasonable needs. However, Bobby agreed at trial to pay Michelle child support and opined that the support payments would be sufficient to pay her bills. Considering that the support payments alone would be sufficient to pay her bills, according to Bobby, the trial court could have reasonably concluded that the income Michelle exercised diligence in earning would be sufficient to provide for her minimum reasonable needs post-divorce.

Bobby also argues that even if Michelle presented sufficient evidence to overcome the presumption against maintenance, she nonetheless did not use diligence in "obtaining employment." We are not sure to what part of section 8.053(a) Bobby is referring. We do note, however, that when the legislature amended section 8.053(a)(1) in 2011, it replaced the requirement that a spouse seeking maintenance exercise diligence in "seeking suitable employment" with the requirement that the spouse exercise diligence in earning sufficient income. *See id.* Thus, to the extent that Bobby relies on an outdated version of the statute, that argument is unpersuasive.

We hold that the evidence is legally and factually sufficient to show that Michelle exercised diligence in earning a sufficient income to provide for her minimum reasonable needs. *See id.* Because Bobby limits his section-

8.051(2)(B) argument to whether Michelle overcame the presumption against maintenance, and because Michelle presented sufficient evidence thereof, thus overcoming the presumption, we hold that the trial court did not abuse its discretion by awarding Michelle spousal maintenance.[5]  We overrule Bobby's issue and affirm the trial court's judgment.


          BILL MEIER
          JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  December 5, 2013

---

[5]Therefore, we need not address Bobby's arguments regarding section 8.051(2)(A).  *See* Tex. R. App. P. 47.1.