**James CAIN, d/b/a James Cain Company, et al., Petitioners,**

**v.**

**James Lee BAIN et ux., Respondents.**

**No. C–4764.**

Supreme Court of Texas.

Feb. 12, 1986.

Rehearing Denied June 4, 1986.

Ross, Banks, May, Cron & Cavin by John A. Cavin, Houston, for petitioners.

Ross, Banks, May, Cron & Cavin, Gordon A. Holloway, and N. Carlene Rhodes, Houston, for respondents.

PER CURIAM.

James and Karen Bain purchased a 20-year-old house in 1976 from George and Carroll Banks. The real estate agent for the transaction was an employee of James Cain Company. In 1978, the Bains tried to sell their house but were unable to find a buyer because of a foundation defect. They sued James Cain Company for violations of the Texas Deceptive Trade Practices Act. The trial court granted Cain's Motion for Directed Verdict and rendered a take nothing judgment against the Bains. In an unpublished opinion, the court of appeals reversed the trial court's judgment. Tex.R.Civ.P. 452.

The trial court submitted Issue No. 7 asking the jury:

> Do you find from a preponderance of the evidence that on or before October 13, 1977 the Plaintiffs James Lee Bain and wife Karen Sue Bain either had knowledge of such substantial foundation structural defect, or were on notice of such facts as would cause a reasonable, prudent person to make inquiry which could lead to the discovery of such defect by the exercise of reasonable diligence?
>
> Answer: "We do" or "We do not"
>
> Answer: <u>We do</u>

The evidence revealed that when the Bains moved into the house they noticed a bulge under one window, a crack in the kitchen wall, and a sticking door. Within six or seven months after occupying the house, they noticed a foundation crack near the patio. Karen Bain testified that during the spring or summer of 1977 she was told there might be a slab problem with the house.

The Bains presented some evidence to the contrary. They consulted with a foun-

dation expert in April 1978, who informed them that there was not a substantial foundation defect. Also, they argue the flaws in the house could have been indicative of problems other than a foundation defect, such as ordinary subsidence problems common to the Houston area, or the effects of age, dampness and weathering on a 20-year-old house.

On appeal, the Bains asserted that the jury finding that they were on constructive notice of the foundation defect was against the great weight and preponderance of the evidence. The court of appeals reversed the trial court's judgment and remanded the cause, holding the flaws and evidence of defects in the house "do not point unerringly to a substantial foundation defect." This is not the correct standard of review for a challenge to the sufficiency of the evidence.

When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex. 1985); *In Re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

The court of appeals imposed a different standard—that the evidence supporting the jury's finding must point "unerringly" to the conclusion found by the jury. The court also held the evidence was "much too slight and indefinite" to support the jury verdict. The jury's task is to decide a fact issue based on the preponderance of the evidence. We hold that the court of appeals has decided this case under an inappropriate standard of law. There is some evidence to support the jury verdict. Therefore, pursuant to Rule 483, we grant Cain's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals on the insufficiency of evidence point and remand the cause to that court to consider the insufficiency points of error under the proper test. We affirm the judgment of the court of appeals in all other respects.