In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-074 CV


____________________



RANDAL LANE DEPONTE, Appellant



V.



ELNORA S. TUTT, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 32,229-99-7






OPINION


 Randal Lane Deponte sued Elnora S. Tutt for damages resulting from a vehicle
accident. The jury found Deponte and Tutt each 50% negligent in causing the accident,
but awarded Deponte zero damages. The trial court entered a take-nothing judgment and
denied Deponte's motion for new trial. The motion attacked the zero damage verdict. 
Deponte argues on appeal that the trial court erred in denying a new trial because the
record contains objective evidence of his injuries which the jury could not ignore. 

 An appellate court will set aside a jury's verdict if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). In essence Deponte argues his injury was indisputable
and a jury is not free to ignore an indisputable injury. If the objective evidence established
indisputably that an injury resulted from this accident, then the jury's award of no damages
for the injury would be clearly wrong and unjust.

 Objective medical evidence of a physical impairment is not the same as evidence of
an indisputable injury. In this case the expert medical witness defined "an objective
finding" as "what the doctor finds." A jury may reject an expert's findings because of
lack of qualifications, reliance on inaccurate information, or other reasons affecting the
expert's credibility. See Waltrip v. Bilbon Corp., 38 S.W.3d 873, 879 (Tex. App.--Beaumont 2001, pet. denied)(a jury is free to disbelieve the testimony of any witness,
including a medical doctor). While Deponte's degenerative arthritis, bulging disc, and
carpal tunnel syndrome were largely undisputed, whether those conditions were related to
or aggravated by the accident was disputed. The direct testimony and circumstantial
evidence concerning injury fell on both sides of the dispute. 

 Deponte testified his neck went forward and then jerked backwards during the
collision. James M. Rascoe, Jr., D.O., Deponte's expert witness, diagnosed the injuries
as follows:

 He had from the MRI findings and x-rays a degenerative disk disease and he
had cervical thoracic and periscapular muscle strain and sprain, mid to
moderate posterior disk bulging at C5 and 6; then I put myofascial pain
syndrome of the cervical thoracic periscapular area.


Dr. Rascoe concluded the wreck was a producing cause of Deponte's injuries. Mrs. Tutt,
the defendant, observed Deponte at the scene of the accident, and testified he did not
appear to have been injured. Deponte waited seventy days to seek medical attention for
symptoms which, according to Dr. Rascoe, would have been apparent to him almost
immediately. He did not miss any work due to the claimed injuries. The police officer
investigating the collision observed no injuries and, as an experienced investigator of
accidents, testified he would not expect to see injuries from this type of collision.

 Deponte testified to having suffered several significant prior injuries: a lower back
injury; an injury to his left hand, the same hand bothering him now; muscle spasms; and
an injury and treatment for his shoulder. Dr. Rascoe testified he was unaware of many of
these prior injuries. He agreed one previous fall could have caused the disk bulge which
he found. 

 The jury heard evidence that the damage to the vehicles was minor. Tutt described
the damages to her car as a scuff on the right bumper. Deponte described damage to his
bumper and a panel of his truck, and a "little bit of paint peeled off." He admitted that
the photographs in evidence accurately portrayed the condition of his truck after the
accident, and acknowledged that one could not see the damage in the pictures. 

 The jury heard testimony that Deponte's bulging disc may have preceded the
accident, that 70% of people over 40 years of age have bulging discs, and that most
bulging discs are asymptomatic and cause no problems. The jury heard testimony that
Deponte's degenerative arthritis and carpal tunnel syndrome preceded the accident. Dr.
Rascoe expressed his opinion that these conditions were aggravated by the accident. But
the jury also heard the doctor describe an inaccurate history of the circumstances of the
accident and an inaccurate or incomplete medical history, both histories he considered
significant to his opinion. 

 The jury was required to reconcile conflicting evidence. See Schmeltekopf v.
Johnson Well Service of Luling, 810 S.W.2d 865, 870 (Tex. App.--Austin 1991, no writ). 
On the evidence in this case, the jury could reasonably conclude that any objective medical
findings were not related to the collision in question. See Blount v. Earhart, 657 S.W.2d
898, 902 (Tex. App.--Tyler 1983, no writ). The jury's finding of zero damages is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Deponte's sole issue on appeal is overruled. The judgment of the trial court is affirmed. 

 

 _________________________________

 DAVID B. GAULTNEY

 Justice

Submitted on September 24, 2002

Opinion Delivered November 21, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.