# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00810-CV

**Anthony L. Martin, a/k/a Anthoney Levane Martin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. GV402414, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony L. Martin challenges the admissibility and sufficiency of evidence supporting the trial court's judgment finding him jointly and severally liable for expenses and administrative fees incurred by the State of Texas in cleaning up an abandoned salt water disposal facility. Martin was held liable as an officer of the defunct Texas corporation, Pathfinder Capital, L.C. ("Pathfinder"), the corporation responsible for cleaning up the site. In order to be personally liable for the expenses, Martin must have been an officer or director of Pathfinder pursuant to section 171.255 of the tax code. Martin argues on appeal that the State presented no evidence that he was an officer or director of Pathfinder at the time the State incurred expenses to clean up the site. He also contends that the State's documentary evidence showing the amounts spent by the Commission to clean up the site should have been excluded because they were summaries offered without complying with the requirements of Texas Rule of Evidence 1006. The State responds that it offered

uncontroverted evidence that Martin was an officer of Pathfinder, citing two exhibits signed by Martin reflecting his status as an officer, and that the damage evidence Martin objected to was offered and admitted as a public record pursuant to Texas Rule of Evidence 803(8) rather than as a summary under Rule 1006. We affirm.

After failing to pay its franchise taxes, Pathfinder forfeited its corporate privileges and charter on May 16, 2002. Neither has been revived. Martin was listed as an officer of Pathfinder on Commission Forms P-4 (titled "Transporter's Transportation Authority and Certificate of Compliance") and P-5 (titled "Organizational Report"), which were signed by Martin and filed in 1996 and 2002, respectively. An affidavit by the custodian of the Commission's records indicated that neither Pathfinder nor Martin had ever amended either of these filings.

Following the forfeiture of Pathfinder's corporate privileges and corporate charter, the Commission used state funds to clean up a salt water disposal site formerly operated by Pathfinder. *See* Tex. Nat. Res. Code Ann. § 91.113(a) (West 2001) (authorizing Commission to use state funds to clean up abandoned oil and gas waste sites). The Commission is entitled to have its cleanup costs reimbursed by the responsible party. *Id*. § 91.113(f). The State filed suit to recover administrative and civil penalties as well as cleanup costs, seeking recovery from Pathfinder as the responsible company and against Martin individually, as the only named officer of Pathfinder. *See* Tex. Tax Code Ann. § 171.255 (West 2002). Following a bench trial, the district court rendered a final judgment in favor of the State jointly and severally against Pathfinder and Martin. The court found that the Commission had expended $151,641.83 in costs and fees, and also awarded prejudgment interest and attorneys' fees. Neither party requested written findings of fact or

2

conclusions of law. Without a request for findings of fact, we presume that all questions of fact were determined in support of the judgment provided that the proposition is raised by the pleadings, supported by the record, and sustainable on any reasonable theory consistent with the evidence and applicable law. *See Employers Cas. Co. v. Texas Ass'n of School Boards Workers' Compensation Self Ins. Fund*, 886 S.W.2d 470, 473 (Tex. App.—Austin 1994, writ dism'd w.o.j.).

The trial court found Martin jointly and severally liable with Pathfinder for the State's cleanup expenses and administrative penalties under section 171.255(a) of the tax code, which provides:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

Tex. Tax Code Ann. § 171.255(a). Under section 171.255(a), officers and directors are personally liable for corporate debts after the date when taxes, penalties, or tax reports are delinquent and result in a forfeiture of corporate privileges. *Jonnet v. State*, 877 S.W.2d 520, 522-23 (Tex. App.—Austin 1994, writ denied). The statute has been described as a "Draconian provision designed to encourage payment of the corporate franchise tax." *Williams v. Adams*, 74 S.W.3d 437, 440 (Tex. App.—Corpus Christi 2002, pet. denied) (quoting Robert W. Hamilton, 19 *Tex. Practice: Business Organizations* § 235, at 238 (1973)).

In this case, Martin argues that no evidence supported the court's judgment that he was an officer or director of Pathfinder at the time that the cleanup costs and administrative and civil

3

penalties were incurred. Martin insists that Commission Form P-4 and Commission Form P-5 show only that Martin was listed as an officer or director of Pathfinder at the time the forms were filed, not that he was an officer or director when Pathfinder's debt was created or incurred. Because the commission forms are the only evidence relating to his status, Martin's argument depends entirely on his theory that the commission forms are insufficient evidence of his status at the time Pathfinder became liable for the cleanup expenses and administrative penalties.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, crediting favorable evidence if it is reasonable to do so, and disregarding contrary evidence unless it is unreasonable to do so. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). There is legally insufficient evidence or no evidence of a vital fact when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Havner*, 953 S.W.2d at 711. If the evidence is so weak as to do no more than create a mere surmise or suspicion of the fact's existence, its legal effect is that of no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 183 (Tex. 1995).

In reviewing whether evidence is factually insufficient, we examine all the evidence presented at trial. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). We will set

aside a judgment for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1989).

We hold that the evidence admitted at trial is both legally and factually sufficient to support the trial court's implicit finding that Martin was a director or officer of Pathfinder when the cleanup expenses were incurred and when the administrative penalties were assessed. The administrative code requires that companies "maintain a current organization report with the Commission until all duties, obligations, and liabilities incurred [under specified rules and statutes] are fulfilled." 16 Tex. Admin. Code § 3.1(a)(3) (2006); *see Morris v. State*, 894 S.W.2d 22, 24 (Tex. App.—Austin 1994, writ dism'd w.o.j.). The identity of a corporation's officers is one of the items of information that must be included in the P-5. 16 Tex. Admin. Code § 3.1(a)(4)(c). Organizations must file amended P-5 reports with the Commission within 15 days after a change in any information required to be reported on the Form P-5. *Id*. § 3.1(a)(7). This Court previously has held that Rule 3.1 creates a presumption that the officers are unchanged until the Form P-5 is amended or all duties owed by a corporation to the State of Texas are fulfilled. *Jonnet*, 877 S.W.2d at 524 (persons listed as officers on old forms were subject to individual liability for debts of company when no evidence refuted their status as directors and officers). Pathfinder's 2002 Form P-5, signed by Martin, identifies Martin as Pathfinder's sole primary officer, listing him as a manager. Pathfinder's 1996 Form P-4, also signed by Martin, lists Martin as the president of the company. No amendments to these documents were filed showing that he was no longer an officer. Under *Jonnet*, the unrebutted and dispositive presumption is that Martin continued as an officer of

5

Pathfinder at all relevant times. The evidence is both legally and factually sufficient to support the implicit finding that Martin was a Pathfinder officer and, thus, jointly and severally liable for the costs incurred in clean up of the site. We overrule Martin's first point of error.

Martin next asserts that the court erred by admitting documents showing the amount of time and money spent by the State to clean up the site. We apply an abuse of discretion standard when considering whether a district court erred in admitting or excluding evidence. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). We will reverse only when we find that the trial court acted in an unreasonable or arbitrary manner or without regard for any guiding rules or principles. *Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d. 833, 843 (Tex. App.—Austin 2004, no pet.) (citing *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)). "If any legitimate basis exists to support a district court's evidentiary ruling, then we must uphold the court's decision." *Signature Flight Support*, 140 S.W.3d. at 843-44. The party seeking to reverse the district court's judgment based on an erroneous evidentiary ruling must show that the error probably resulted in an improper judgment. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

Martin complains that the court admitted documentary exhibits that were summaries without proof that the underlying documents were voluminous and without the State making the underlying documents available to him for examination. *See* Tex. R. Evid. 1006. The State argues that the exhibits were offered and admitted as public records pursuant to Texas Rule of Evidence 803(8), not as summaries under Rule 1006. Martin objected at trial that the exhibits were not

6

admissible as summaries under Rule 1006. He did not object to their admission as public records under Rule 803(8). He contended in the trial court and contends here that several of the exhibits reflect information generated by private contractors, filed with the Commission, and merely summarized in the exhibits. While admitting Commission-prepared documents as public records, the trial court sustained Martin's objection to the admission of documents prepared by third parties.

Rule 803(8) permits admission of the following:

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth: (A) the activities of the office or agency; (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) . . . factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex. R. Evid. 803(8). Under Rule 803(8), which is patterned after Federal Rule of Evidence 803(8), the party opposing the admission of public records can do so by providing evidence that the public records are untrustworthy. *Beavers v. Northrop Worldwide Aircraft Servs., Inc.*, 821 S.W.2d 669, 675 (Tex App.—Amarillo 1991, writ denied); *see also Moss v. Ole South Real Estate*, 933 F.2d 1300, 1305 (5th Cir. 1991) (holding that "the party opposing the admission of the report must prove the report's untrustworthiness" under Federal Rule of Evidence 803(8)).

The challenged exhibits are documents setting out the amounts that the Commission authorized to be paid for cleanup costs of a site over which Pathfinder had responsibility. They are not summaries prepared for trial, but are documents prepared by and filed with the Commission reporting and compiling the amounts paid. The sponsoring witness testified that the documents show the amounts spent on cleanup and that the amounts were reasonable because the expenditures

were approved by the Commission review process.  There is no evidence that these public records are unreliable concerning how much the State expended to clean up the site.  The district judge did not abuse her discretion in admitting these documents as public records showing amounts expended as cleanup costs.  Martin's second point of error is overruled.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:   August 3, 2007