Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-08-00928-CV

Corazon **MCDONALD**,
Appellant

v.

**CLAREMORE APARTMENT HOMES**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 344928
Honorable H. Paul Canales, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: January 6, 2010

AFFIRMED

In this forcible detainer case, Corazon McDonald appeals the trial court's judgment in favor

of Claremore Apartment Homes ("Claremore"). We affirm the judgment of the trial court.

### BACKGROUND

Claremore filed a complaint for forcible detainer alleging that McDonald failed to pay rent

for her apartment pursuant to their lease agreement. At the time of trial before the county court at

law in December 2008, McDonald had not paid rent since May 21, 2008. McDonald did not provide any receipts or other proof of payment to refute the allegation. The trial court found Claremore was entitled to possession of the apartment and ordered that McDonald pay $5,383 in past-due rent and $1,250 in attorney's fees. On appeal, McDonald complains that the trial court erred in granting judgment in favor of Claremore and in assessing damages.

### DISCUSSION

We construe McDonald's first and second issues to challenge the legal and factual sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable juror could, and disregarding contrary evidence unless a reasonable juror could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). In reviewing the factual sufficiency of the evidence, we consider and weigh all of the evidence in the record, and we may overturn a judgment only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Here, the record reflects that Claremore established the elements of its forcible detainer action. *See* TEX. PROP. CODE ANN. § 24.002 (Vernon 2000). Claremore established that a landlord-tenant relationship existed between Claremore and McDonald by introducing the apartment lease contract between the parties. Claremore's assistant manager, Brenda Quintero, testified that McDonald had failed to pay her monthly rent as required by the lease since May 21, 2008. She further testified that McDonald was properly provided with Claremore's notice to vacate as required by section 24.005 of the Property Code. *See* TEX. PROP. CODE ANN. §§ 24.005(a), (f) (Vernon Supp. 2009). After receiving the notice to vacate, McDonald did not vacate the apartment. At the time

of trial, the amount due Claremore for rent was $5,383, as evidenced by the resident ledger introduced by Claremore. McDonald, who acted pro se at trial, did not refute the existence of a valid landlord-tenant relationship or that she had received the notice to vacate. She also failed to provide proof that she had actually made monthly rent payments owed under the lease. McDonald did introduce receipts for rent paid, but the trial court noted that all the receipts were for the year 2007, not 2008. The exhibit was withdrawn by McDonald after trial and not provided by her on appeal.

Based on the record before us, we conclude the evidence was sufficient to permit reasonable and fair-minded people to reach the judgment reached by the trial court. *See City of Keller*, 168 S.W.3d at 827. We therefore hold that the evidence was legally sufficient to support the trial court's judgment that Claremore was entitled to possession of the apartment as well as entitled to recover on its forcible detainer claims for unpaid rent. Additionally, after weighing all of the evidence in the record, we cannot say the trial court's judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176. We therefore hold that the evidence was factually sufficient to support the trial court's judgment. McDonald's first and second issues are overruled.

In her third issue, McDonald contends the trial court erred in assessing damages. Because we have already held that the evidence was sufficient to support the award of past-due rent owed to Claremore, we construe this complaint as a challenge to the amount of attorney's fees awarded. We review the trial court's decision to award attorney's fees for an abuse of discretion. *See Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 350 (Tex. App.—San Antonio 2006, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To determine whether the trial

court abused its discretion, we consider whether the trial court's action was arbitrary or unreasonable. *Id.* at 242.

Texas Property Code section 24.006 provides that, in an eviction suit, if the landlord provides the tenant the notice required under that section, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant. TEX. PROP. CODE ANN. § 24.006 (Vernon 2000); *see also* TEX. R. CIV. P. 752 (stating that recoverable damages may include attorney's fees in justice and county courts). In determining a reasonable amount of attorney's fee to award, a factfinder should consider, among other items, the time and labor required to perform the legal service properly. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Here, Claremore's attorney David Fritsche testified that his customary hourly rate is $250 and that he spent five hours working on the case, including the justice of the peace proceeding. McDonald did not object to this testimony or ask Fritsche any questions. Based upon this evidence, the trial court awarded Claremore $1,250 in attorney's fees. We hold that this award was reasonable and was supported by the evidence. Therefore, we conclude the trial court did not abuse its discretion in awarding $1,250 in attorney's fees to Claremore. We overrule McDonald's third issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice