ACCEPTED
04-15-00273-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/12/2015 4:49:53 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00273-CV

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/12/2015 4:49:53 PM
KEITH E. HOTTLE
Clerk

## IN THE FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

_____

## BUDDY CASTEEL AND JARET B. CASTEEL,

### Appellants

## V.

## AMELIA STAYTON,

### Appellee

_____

## BRIEF OF APPELLEE,
## AMEILA STAYTON

**BOBBY JACK RUSHING**
Texas Bar No. 24062981
THE RUSHING LAW FIRM, PLLC
808 London Street
Castroville, Texas 78009
830-931-3800
210-579-6503 fax
bj@rushing-law.com
Attorney for Amelia Stayton

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

INDEX OF AUTHORITIES............................................................................ iii

STATEMENT OF THE CASE............................................................................1

ISSUES PRESENTED........................................................................................1

STATEMENT OF FACTS .................................................................................1

SUMMARY OF THE ARGUMENT .................................................................2

ARGUMENT AND AUTHORITIES................................................................2

     I.      STANDARD OF REVIEW .................................................................2

     II.    Appellants failed to present sufficient evidence to show apparent authority to bind the Stayton property to a new lease..........................3

     III.   Appellants were aware of the limitations of agent's power..................6

     IV.   Appellants' testimony was not credible .................................................7

PRAYER ............................................................................................................8

CERTIFICATE OF COMPLIANCE.................................................................9

CERTIFICATE OF SERVICE ..........................................................................9

# INDEX OF AUTHORITIES

**<u>Cases</u>**

*Gaines v. Kelly*, 235 S.W.3d 179 (Tex. 2007)......................................................3, 5, 6

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ..........................................3, 7

*Cain v. Bain*, 709 S.W.2d 175 (Tex. 1986) (per curiam) ...........................................2

*Douglas v. Panama*, 504 S.W.2d 776 (Tex. 1974)................................................3, 6

*Chastain v. Cooper & Reed*, 257 S.W.2d 422 (Tex. 1953) .......................................3

## STATEMENT OF THE CASE

Appellants Buddy Casteel and Jaret B. Casteel ("Casteels") appeal the judgment of the trial court granting an eviction and awarding possession of the property Amelia Stayton.

## ISSUES PRESENTED

Did the trial court err in determining that Casteels presented insufficient evidence to prove such conduct on the part of the Amelia Stayton as would lead a reasonably prudent person to believe that Melissa Baugh had the authority to bind Stayton's property to the September 14, 2014 lease?

## STATEMENT OF FACTS

Casteels own and operate a commercial business in Leakey, Texas. RR 29-30. Stayton was and is the record owner of the property where Appellants operate their business. RR 13-15; P1. Subsequent to the receipt of the notice to vacate dated August 11, 2014, on September 1, 2014, Jaret Casteel contacted Amelia Stayton in an effort to purchase the property, first offering $250,000, then $400,000. RR 45-46; P1; D2. Stayton advised that there was a contract to sell the property. D2. On September 8, 2014, Jaret Casteel sought an extension from Stayton to remain on the property beyond the September 15th deadline. RR 47, D2. On September 10, 2014, Jaret Casteel sought to continue leasing the property from

Stayton for $2,500 per month. RR, D2. In addition to the correspondence with Amelia Stayton, Stayton testified that she had telephone conversations with Jaret Casteel during this time frame in which she made clear her intent to sell the property and that leading up to September 14, 2014. RR 60, 62. Casteels were contacting her, the owner of the property, directly. RR 60, 62.

## SUMMARY OF THE ARGUMENT

1.     The trial court properly concluded that Casteels' evidence was insufficient to prove such conduct on the part of the Stayton as would lead a reasonably prudent person, using diligence and discretion, to suppose that Baugh had the authority to bind Stayton's property on September 14, 2014.

2.     Prior to signing the September 14, 2014 agreement with Baugh, Casteels were aware of the limitations of her power.

3.     The trial court, as the sole judge of the credibility of the witness, had ample reasons to doubt the veracity of the Casteels' testimony.

## ARGUMENT AND AUTHORITIES

### I.     STANDARD OF REVIEW

When an appellant attacks the factual sufficiency of a trial court's finding on an issue on which it had the burden of proof, the Court reviews the entire record to determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.

2

1986) (per curiam). The trial court, as the fact finder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the Court will not substitute its judgment for that of the trial court simply because it would have reached a different conclusion on the facts. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

## II. Appellants failed to present evidence sufficient to show apparent authority to bind the Stayton property to a new lease

Appellants advance only an estoppel argument to assert their right to the property, claiming that Amelia Stayton is charged with the conduct of Melissa Baugh when Baugh apparently signed the handwritten lease of September 14, 2014 purporting to lease Stayton's property for ten (10) years. *See* Appellants Brief, pp. 9-11. "Apparent authority is based on estoppel, and one seeking to charge a principal through apparent authority of an agent to bind the principal must prove such conduct on the part of the principal as would lead a reasonably prudent person to suppose that the agent had the authority he purports to exercise." *Douglas v. Panama*, 504 S.W.2d 776, 778-79 (Tex. 1974). "Moreover, when making that determination, only the conduct of the principal in relevant." *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). "[T]he standard is that of a reasonably prudent person, using diligence and discretion to ascertain the agent's authority. *Id*. at 183 (citing *Chastain v. Cooper & Reed*, 257 S.W.2d 422, 427 (Tex. 1953)).

3

Stayton was and is the record owner of the property where Appellants operate their business. RR14, 15; P1. Subsequent to the receipt of the notice to vacate dated August 11, 2014, on September 1, 2014, Jaret Casteel contacted Amelia Stayton in an effort to purchase the property, first for $250,000, then for $400,000. RR 45-46; P1; D2. Stayton advised again that there was a contract to sell the property. D2. On September 8, 2014, Jaret Casteel sought an extension from Stayton to stay on the property. RR 47, D2. On September 10, 2014, Jaret Casteel sought to continue leasing the property from Stayton for $2,500 per month. RR47, D2. Amelia Stayton also testified that she had telephone conversations with Jaret Casteel during this time frame in which she made clear her intent to sell the property and that leading up to September 14, 2014, Casteels were contacting her directly. RR 60, 62.

The numerous contacts and requests directly with the owner of the property leading up to September 14, 2014, coupled with the owner's denials, made it unreasonable for Casteels to believe that they could bind the property to a ten year lease by seeking out Melissa Baugh for a signature on a handwritten agreement. That handwritten agreement did not provide for the payment of utilities, the insuring of the premises, nor did it have any hold harmless or indemnification language. D4. In contrast, the prior written lease that expired in 2012 was a one year, four page, typed agreement, which covered many of the terms such as

4

utilities, insurance, and indemnification language one would expect to find in a commercial lease. D1. Further, Appellants offered no evidence that there had ever been a long term lease agreement with the current owner. RR 55-56.

Appellants argue that their historical dealing with Baugh created a "lingering apparent authority," a phrase and concept which has no basis in Texas law. *See* Appellants Brief, pp. 7-8. When making the determination of whether there was apparent authority to bind the principal, "only the conduct of the principal is relevant." *Gaines*, 235 S.W.3d 179, 182 (Tex. 2007). Within the two weeks prior to September 14, 2014 agreement that Casteels offer as their basis for a right of possession, Jaret Casteel had contacted Stayton multiple times to inquire about purchasing the property, extending Casteels' possession beyond the deadline, and attempting to enter into a new lease agreement at a higher rental amount. RR 45-48; P4, D2. Stayton had advised that the property had a contract for sale, and that there was a closing date set. RR60, 62; P4, D2. Casteels' requests were denied. The conduct of the principal, Stayton, at the relevant time, indicated that she was not interested in keeping the Casteels as tenants and that she did not intend to keep the property.

The standard for Appellants, seeking to bind Stayton with the purported actions of Baugh, is that of a reasonably prudent person, using diligence and discretion to ascertain the agent's authority. *Gaines*, 235 S.W.3d 179, 183 (Tex.

5

2007). Appellants used neither diligence nor discretion to ascertain whether Melissa Baugh had authority to bind the property on September 14, 2014. Under the facts of this case, the evidence established the contrary, that they were aware Baugh did not have such authority because they had dealt directly with the owner and had their requests for a new lease denied. Neither of the Casteels testified that they made inquiry of Melissa Baugh's authority when they signed the handwritten agreement of September 14, 2014. Further, there was no testimony from Baugh, or from the notary public whose stamp bears on the document, that Baugh actually signed the document as written. The trial court correctly concluded that a reasonably prudent person with the knowledge Appellants had at the time would not have believed they could enter into the September 14, 2014 agreement with Baugh and that it would be enforceable against Stayton.

### III. Appellants were aware of the limitations of agent's power

"It is also the rule that apparent authority is not available where the other contracting party has notice of the limitations of the agent's power." *Douglas* at 779. For several weeks prior to September 14, 2014, Casteels were aware that the owner of the property had a contract to sell the property and expected them to vacate the premises as any month-to-month tenant. RR 60, 62; P2, P4, D2. Casteel was communicating directly with the owner. RR 45-48, 60, 62; P4, D2. Despite Casteels' efforts in engaging directly with the owner of the property, they

6

were unable to lawfully obtain a new agreement to remain on the premises. In this case, the principal denied their request thus putting Casteels on notice that there would be no further agreement.

## IV. Appellants' testimony was not credible

Jaret Casteel testified that he always thought that Melissa Baugh owned the property in question. RR 38. This testimony is contradicted by his actions in early September of 2014. Even though he had received notices to vacate signed by Melissa Baugh, in early September of 2014 he sought out Stayton to inquire about the purchase of the property, to lease the property with new terms and additional rent, and for permission to extend his stay on the premises. RR 45-48; P2, P4, D2. There is no credible explanation of why he sought to engage Stayton if he believed she was not the owner. He further testified to formerly having a five year lease on the property that began sometime in 2007 or 2008, in addition to as many as six (6) other leases from the early 2000's. RR 42. None were offered as evidence. Jaret's father, Buddy Casteel, testified that the five year lease started earlier than 2005. RR 54-55. Buddy Casteel further denied having any communications with Stayton. RR 54-57. Stayton, on the other hand, recalled several conversations connected to specific events with Buddy Casteel. RR 58-60.

The trial Court, as the fact finder, is "the sole judge of the credibility of the witnesses and the weight to be given their testimony." *City of Keller v. Wilson*,

168 S.W.3d 802, 819 (Tex. 2005). "Reviewing courts cannot impose their own opinions to the contrary." *Id*. The trial court had ample reason to doubt the credibility of Casteels' testimony. Further, the trial court had facts sufficient to believe that a reasonably prudent person with the facts Casteels had available at the time, would never have believed that Baugh could bind Stayton's property to a ten year lease.

## PRAYER

For these reasons, Amelia Stayton, Appellee, requests that this Court affirm the trial court's decision in all respects. Appellee also requests any other relief to which she may be entitled.

Respectfully submitted,

The Rushing Law Firm, PLLC
808 London
Castroville, Texas 78009
(830) 931-3800 Telephone
(210) 579-6503 Facsimile

By:     /s/ Bobby Jack Rushing
        Bobby Jack Rushing
        State Bar No. 24062981
        Attorney for Appellee Amelia Stayton

CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that the brief contains 1793 words (excluding the caption, table of contents, index of authorities, signatures, certificate of service and certificate of compliance). This is a computer generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are 12-point typeface. This certificate of compliance relied on the word count provided by the software used to prepare the document.

/s/ Bobby Jack Rushing
Bobby Jack Rushing

CERTIFICATE OF SERVICE

This certifies that the undersigned served this Brief of Appellee Amelia Stayton electronically on the 12th day of October, 2015, on the following:

CHRISTOPHER J. DEEVES
1730 Pantheon Way, Ste. 110
San Antonio, Texas 78232
210 445-8807
210 501-0915 fax
chrisdeeves@att.net

Kenneth Grubbs
4241 Woodcock Drive, Ste. C-120
San Antonio, Texas 78228
210-490-1292
210-499-4587 fax
kengrubbs@sbcglobal.net

By: /s/ Bobby Jack Rushing
Bobby Jack Rushing