**Affirmed and Opinion Filed January 8, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01396-CV

**LISA HAWKINS, Appellant**
**V.**
**MICHAEL JENKINS AND WANDA JENKINS, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05076**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Lisa Hawkins appeals the trial court's judgment awarding Michael Jenkins (Jenkins) and Wanda Jenkins $9,701.44 on their claim for unjust enrichment. Appellant brings one issue on appeal contending the trial court erred by determining appellees were entitled to recover for unjust enrichment. We affirm the trial court's judgment.

## BACKGROUND

Appellant is Jenkins's niece. Appellant owned a house in DeSoto, Texas, subject to a mortgage. In 2015, appellant had health and financial issues, and she

moved out of the house and into her mother's house nearby. Appellant decided to sell her house. Appellees were interested in purchasing the house and asked appellant how much she wanted. Appellant told them she wanted the loans secured by the house paid off plus an additional $7,500. At that time, appellant owed about $152,000 on the note secured by the first mortgage on the house.[1] Based on those terms, the parties agreed on a sale price of $160,000 subject to appellees finding financing, and they signed a written contract based on those terms, including conditioning the contract on appellees' obtaining financing.

In the meantime, appellees moved into the house. Jenkins testified that when appellees moved into the house in 2015, the house was worth $120,000. The parties did not have a written lease agreement, but they orally agreed appellees would pay appellant $1,500 per month until they could purchase the house. Jenkins said the monthly payments were part of appellees' purchase money that appellant was to use to pay down the loan. Appellant testified the money was rental payments and that she used them to pay the debt owing on the house.

When appellees tried to obtain financing to purchase the house, they encountered problems. The lender balked at lending the money because the parties

---

[1] There was another note for $14,000 secured by a second mortgage. Appellant negotiated a reduction in the debt to $3,000. Jenkins testified he gave appellant $3,000 to pay off this note. Appellant testified that Jenkins gave her the $3,000, but she testified Jenkins was behind on the payments. So she used $2,000 of the $3,000 towards the second mortgage and the other $1,000 towards the first mortgage. Appellant testified she provided the other $1,000 to pay off the second mortgage.

were related. The lender required appellees to show twelve months of payments to appellant. Meanwhile, appellees, believing they were going to purchase the house, began making repairs and improvements while they tried to obtain financing. They replaced the air conditioning units, repaired the fence, fixed the plumbing, replaced the appliances, did landscaping including planting grass, removing a tree, and building a patio, and other tasks. Appellees presented evidence that they spent at least $22,000 improving the property, and Jenkins, who is a professional carpenter, requested an additional amount for his labor to bring the total improvements to at least $52,000.

When appellees went back to the lender with proof of payments to appellant, the lender refused to loan money for their purchase of the house because appellant had stopped paying the loan which was then in "pre-foreclosure." Appellees then stopped paying appellant the $1,500 per month. Appellant continued to pay the mortgage, and the house was not foreclosed. By the time of trial, appellees had missed twenty-three of the monthly payments.

Appellees learned the amount owing on the mortgage was $80,000 or $90,000, and they wanted the purchase price reduced to $150,000. Appellant refused and insisted the price remain $160,000. Appellees then sued to quiet title and for breach of contract seeking transfer of the title of the property to them. They also alleged claims for fraud in a real estate transaction and unjust enrichment for their expenditures on improving the property. Appellant answered with a general denial.

She did not assert a counterclaim or any affirmative defenses. Shortly before trial, appellant sold the house to her daughter for at least $197,395.[2]

At the trial, appellees agreed they no longer had a claim for transfer of the title to them, and they limited their claims to their expenditures on improving the property. After a trial before the court, the court found for appellees, awarding them $9,701.44. The trial court made findings of fact and conclusions of law including:

- appellant and appellees intended that appellees would purchase the home;
- the parties failed to execute a contract for the purchase of the home;
- appellees made improvements to the home in anticipation of purchasing the home;
- Jenkins's testimony as to his intent to purchase lacked credibility;
- much of appellant's testimony lacked credibility;
- appellees expended $44,201.44 improving the property;
- appellant paid $34,500 when appellees "failed to make any payments to [appellant] for rent or mortgage payments on the property"; and
- appellant owes appellees $9,701.44.

## UNJUST ENRICHMENT

In her sole issue, appellant contends the trial court erred by determining appellees were entitled to recover for unjust enrichment.

Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *Eun Bok Lee*

---

[2] The record includes the daughter's note and deed of trust for $197,395. The record does not show the amount of any down payment or other cash payment. However, the trial court mentioned that documents showed the sale amount as being $199,000.

*v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Unjust enrichment is not a proper remedy, however, merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss or because the benefits to the person sought to be charged amount to a windfall. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 42 (Tex. 1992). However, the right to recover for unjust enrichment does not depend on the existence of a wrong, and the plaintiff need not show the defendant committed a wrongful act. *Walker v. Walker*, No. 14-18-00569-CV, 2020 WL 1951631, at *4 (Tex. App.—Houston [14th Dist.] Apr. 23, 2020, no pet.). Unjust enrichment is an equitable remedy, and it does not apply when a valid, express contract exists between the parties governing the subject matter of the dispute. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000); *Lake v. Cravens*, 488 S.W.3d 867, 907 (Tex. App.—Fort Worth 2016, no pet.).

Findings of fact in an appeal from a nonjury trial carry the same weight as a jury verdict and are reviewed under the same standards that are applied in reviewing evidence to support a jury's verdict. *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied). In evaluating the legal sufficiency of the evidence to support a finding, we view the evidence in the light favorable to the fact finder's finding, indulging every reasonable inference supporting it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless

reasonable jurors could not." *Id.* at 827. The ultimate test is whether the evidence allows reasonable and fair-minded people to reach the finding under review. *See id.* Anything more than a scintilla of evidence is legally sufficient to support a challenged finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 48 (Tex. 1998). In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.,* 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

Appellant first argues that the trial court's finding that the parties failed to execute a contract for the home is against the great weight and preponderance of the evidence. The trial court admitted appellant's exhibit, which was a contract for appellees' purchase of the home for $160,000. The contract was signed by appellant and both appellees. This finding, however, is irrelevant. The sale of the home was not in issue. By the time of trial, appellant had sold the house to her daughter. Appellees did not claim any right to the funds from the sale, nor did they challenge the validity of the sale. Therefore, even if the finding was erroneous, appellant has not shown the finding probably led to the rendition of an improper judgment, and any error is not reversible. *See* TEX. R. APP. P. 44.1(a)(1).

Appellant argues the remedy of unjust enrichment was not appropriate because there was no evidence of any wrongdoing, such as fraud, duress, or the

–6–

taking of an undue advantage. However, unjust enrichment may be appropriate when there was no wrongdoing by the defendant. *See Walker*, 2020 WL 1951631, at *4.

The issue in the case is whether it would be unconscionable for appellant to retain the benefits of the improvements carried out and paid for by appellees. Those benefits were the increased value of the home due to the improvements, which appellant reaped when she sold the house to her daughter in 2019. Jenkins testified that the house was worth $120,000 when appellees moved into it in 2015. Appellees presented evidence that the Dallas County Appraisal District appraised the property at $223,000 in 2019, and they presented evidence that appellant sold the house to her daughter in 2019 for at least $197,395.

The evidence shows appellant was aware of some of the improvements. She knew the air conditioning system in the house was broken, and she knew appellees replaced the air conditioning units. She had been in the house and seen the new appliances. She had driven past the home and observed some of the landscaping. She did not object to appellees making the improvements because she believed they were going to purchase the home.

Appellant argues appellees reaped the benefit of the improvements because they lived in the house for four years. However, the record contains evidence that appellant reaped a financial benefit from the improvements: she sold the house for $77,000 above its value before appellees made the improvements. Jenkins testified

that the increased value of the home was due to the improvements. Although the trial court expressed doubt that all the appreciation was due to the improvements as Jenkins testified, no evidence shows that some of the appreciation was not due to the improvements or that the improvements were responsible for less than $44,201.44 of the appreciation. The court could reasonably have concluded it was unjust for appellant to receive the profit from the increased value of the property due to the improvements without reimbursing appellees for their expenses from improving the property. *See Barclay v. Richey*, No. 09-17-00026-CV, 2019 WL 302661, at *8 (Tex. App.—Beaumont Jan. 24, 2019, pet. denied) (unjust enrichment awarded for improvements to home: "The remodeling labor and materials Richey paid for became an inseparable part of the residence.").

Appellant argues appellees are not entitled to the equitable remedy of unjust enrichment because the trial court found: "Jenkins' testimony, as to his intent to purchase, lacked credibility." Appellant asserts this finding constitutes a finding that Jenkins had unclean hands and therefore is not entitled to equitable relief. One of the rules of equity is that "one who comes seeking equity must come with clean hands." *Omohundro v. Matthews*, 341 S.W.2d 401, 410 (Tex. 1960). This rule is not absolute. *Id.* The party complaining of unclean hands must show injury from the conduct constituting unclean hands. *Id.* Here, appellant has not shown how Jenkins's lack of credibility harmed her to justify the application of the clean hands doctrine.

Appellant also argues that the two-year statute of limitations bars appellees' unjust enrichment claim as to many of the improvements. Limitations is an affirmative defense that must be affirmatively pleaded. *See* TEX. R. CIV. P. 94. If limitations is not pleaded, it is waived. *See G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 544 (Tex. App.—Dallas 2005, no pet.). Appellant did not plead limitations but raised it for the first time on appeal. Therefore, any limitations defense is waived.

We conclude appellant has not shown the trial court erred in finding that appellees were entitled to recover for unjust enrichment. We overrule appellant's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

191396F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LISA HAWKINS, Appellant

No. 05-19-01396-CV     V.

MICHAEL JENKINS AND
WANDA JENKINS, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-05076.
Opinion delivered by Justice Myers.
Justices Osborne and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MICHAEL JENKINS AND WANDA JENKINS recover their costs of this appeal from appellant LISA HAWKINS.

Judgment entered this 8th day of January, 2021.