**AFFIRMED and Opinion Filed January 26, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00919-CV**

**MARK MYERS, JR., Appellant**
**V.**
**VICTORIA REGAN, Appellee**

**On Appeal from the County Court at Law No. 2**
**Hunt County, Texas**
**Trial Court Cause No. CC2100302**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Reichek

Mark Myers, Jr. appeals the trial court's protective order preventing him from communicating or having contact with his wife, Victoria Regan, or their daughter, H.B.M., for a period of two years except for court hearings or as authorized by court order. In two issues, Myers contends the evidence was legally and factually insufficient to show (1) family violence had occurred and (2) family violence was likely to occur in the future. We affirm the trial court's order.

## Background

On August 20, 2021, Regan signed an affidavit in support of an application for a protective order against Myers. In the affidavit, Myers stated she feared for her life and she believed Myers "could and would kill [her] if given another chance." Regan asserted that, on multiple occasions, Myers had threatened and/or assaulted her including hitting her in the face, throwing things at her, and forcing her out of the house.

The most recent incident occurred the day before she signed the affidavit. According to Regan, on that occasion, Myers slammed her to the ground, dragged her from the bedroom to the kitchen, and sat on her until she had a panic attack. The trial court signed an ex parte temporary protective order on August 24 ordering Myers to vacate the family residence and appear at a hearing on September 7.

Both Regan and Myers appeared at the hearing. Regan testified she and Myers were married, but she was filing for a divorce. She also testified she and Myers had one child together, H.B.M., who was eight months old. Regan stated that on August 19, she was working from home and taking care of H.B.M. She said Myers became angry after he was awakened from a nap and he dragged her across the floor. H.B.M. was in the room when this occurred. Myers then called the police and told them Regan had a knife.

When the police arrived, Regan showed them surveillance video from a security camera inside the house. Regan testified the video showed her being

attacked by Myers and Myers was subsequently arrested. When asked whether she believed family violence would occur again if a protective order was not granted, Regan responded that she did.

Myers testified that Regan was the aggressor on August 19. According to Myers, Regan attacked him while he was lying in bed with H.B.M. He stated she hit him, slapped him, and dragged him out of the bed before throwing herself to the ground. When Regan began throwing things, he moved her out of the bedroom into the living room. At that point, Myers said, Regan ran to the kitchen and attempted to get a knife out of a drawer. Myers stated he was able to slam the drawer shut and sit on top of her while he called the police. He then locked himself in the bedroom until police arrived. Myers said he explained to the police that Regan attacked him outside the view of the camera, and that is why "all they saw on the cameras was me trying to drag her out of the house."

Myers also testified about an incident on May 23. He said that on that date, Regan tried to run him over in their driveway. The police came and Myers showed them security camera footage from outside the house. According to Myers, the police gave him the option of arresting Regan for assault, but he "did not want to proceed with that."

After hearing the evidence, the trial court found there was evidence of a recent act of family violence by Myers and a likelihood of future family violence. A final

protective order protecting both Regan and H.B.M. was signed the same day. Myers then brought this appeal.

## Analysis

In his first issue, Myers challenges the legal and factual sufficiency of the evidence to show that family violence occurred. Specifically, Myers contends there was no evidence that H.B.M. was the victim of, or threatened with, family violence, and no evidence that he dragged Regan across the room "in a violent way or caused her fear of violence."

We review the sufficiency of the evidence to support a family violence finding using the traditional legal and factual sufficiency standards of review. *Hightower v. Pearl*, No. 05-20-00647-CV, 2022 WL 842745, at *2 (Tex. App.—Dallas March 22, 2022, no pet.) (mem. op. on reh'g). In determining whether the evidence is legally sufficient, we review the evidence in the light most favorable to the finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id*. Anything more than a scintilla of evidence is legally sufficient to support the challenged finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 48 (Tex. 1998). When reviewing the factual sufficiency of the evidence, we may set aside the finding only if, after considering all the evidence, it is so contrary to the overwhelming weight of

–4–

the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

To render a protective order, the trial court must hold a hearing and, at the close of the hearing, find that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE ANN. § 85.001; *Hightower*, 2022 WL 842745, at *2. As the trier of fact, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hightower*, 2022 WL 842745, at *2. The court may believe all, part, or none of a witness's testimony and resolve any inconsistencies. *Id*.

Under section 82.002 of the Texas Family Code, an adult member of a family or household may file an application for a protective order to protect not only the applicant, but also any other member of the applicant's family or household. TEX. FAM. CODE ANN. § 82.002(a). The code does not limit the persons who may be protected to those who have already been victims. *Dolgener v. Dolgener*, 651 S.W.3d 242, 259–60 (Tex. App.—Houston [14th Dist.] 2021, no pet.). "This is because an applicant's family members may be at risk of suffering family violence as a result of their relationship to the applicant, even though they have not yet suffered harm." *Id*. at 260. Regan was not required to show, therefore, that H.B.M had been the victim of family violence to obtain an order protecting the child. *See id*. (trial court may list child who is family member of victim as protected person even if child did not directly suffer family violence).

The family code defines family violence to include an act by a member of the family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault. TEX. FAM. CODE ANN. § 71.004(1). Intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe the other will regard the contact as offensive or provocative meets this statutory definition. *Dolgener*, 651 S.W.3d at 256; *see also* TEX. PENAL CODE ANN. § 22.01(a)(3) (defining "assault"). Courts broadly construe the family code's protective order provisions to effectuate its humanitarian and preventative purposes. *Dolgener*, 651 S.W.3d at 256.

Regan testified Myers dragged her across the floor after he became angry that he was awakened from a nap. When asked whether this "attack" was captured on videotape, Regan stated that it was. Myers himself admitted the security camera footage showed him "trying to drag [Regan] out of the house." The trial court was free to determine that the act of dragging Regan across the floor after becoming angry with her constituted an assault by Myers. *See id*. We conclude the evidence is legally and factually sufficient to support the trial court's finding that family violence occurred. We resolve Myers's first issue against him.

In his second issue, Myers contends the trial court erred in finding there was a likelihood that family violence would occur in the future. Myers argues the single act of violence discussed at the hearing was insufficient to establish a "past pattern

of conduct" that would be predictive of future conduct. But evidence of multiple instances of past violence is not necessary to support a finding that there is a likelihood of future violence. *See Williams v. Bowles*, No. 01-13-00017-CV, 2014 WL 586236, at *4 (Tex. App.—Houston [1st Dist.] Feb. 13, 2014, no pet.) (mem. op.); *see also Maples v. Maples*, 601 S.W.3d 23, 28 (Tex. App.—Tyler 2020, no pet.) (pattern of family violence not necessary prerequisite to likelihood finding). In cases involving family violence protective orders, one incident permits an inference that the person will continue such behavior in the future. *In re L.J.H.*, No. 05-21-00183-CV, 2021 WL 4260769, at *17 (Tex. App.—Dallas Sept. 20, 2021, no pet.) (mem. op.).

In this case, the testimony from both parties indicated they had an extremely volatile relationship. The evidence showed the police had to be called on at least two occasions, and Myers admitted to both dragging Regan across the floor and sitting on top of her to restrain her. We conclude the evidence is legally and factually sufficient to support the trial court's finding that there was a likelihood of future family violence. We resolve Myers's second issue against him.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
210919F.P05                                  JUSTICE

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARK MYERS, JR., Appellant

No. 05-21-00919-CV     V.

VICTORIA REGAN, Appellee

On Appeal from the County Court at Law No. 2, Hunt County, Texas
Trial Court Cause No. CC2100302.
Opinion delivered by Justice Reichek. Justices Molberg and Breedlove participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee VICTORIA REGAN recover her costs of this appeal from appellant MARK MYERS, JR.

Judgment entered January 26, 2023