**Affirmed and Memorandum Opinion filed January 22, 2026**



In The

# Fifteenth Court of Appeals

## NO. 15-25-00052-CV

**KAVIN RUSSELL, Appellant**

**V.**

**EBONIE CHARDAY MCDONALD, Appellee**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51058-2025**

## MEMORANDUM OPINION

Kavin Russell appeals the trial court's protective order preventing him from communicating with or having contact with his children. We affirm the trial court's order.

### BACKGROUND

Ebonie McDonald filed an application for protective order against Kavin Russell, the father of her children, on the grounds that Russell had committed

family violence. McDonald sought protection for herself as well as her children. After a hearing at which both McDonald and Russell testified, the trial court issued a protective order against Russell, finding that family violence occurred. McDonald and her children were listed as protected persons in the order. The Order prohibited Russell from communicating with or going within 100 yards of them. Russell appealed pro se, challenging only the order as applicable to his four biological children.[1]

## STANDARD OF REVIEW

We review Russell's challenge to the family violence protective order under a traditional legal and factual sufficiency standard of review.[2] *Myers v. Regan*, No. 05-21-00919-CV, 2023 WL 415946, at *2 (Tex. App.—Dallas Jan. 26, 2023, no pet.). In a legal sufficiency review, we review the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005)).

In a factual sufficiency review, we consider all the evidence and may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). Further, the trier of fact is the sole judge of the weight and credibility of witness testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116

---

[1] McDonald has not filed a brief in this Court.

[2] There is a conflict among the courts of appeals regarding the appropriate standard of review for evaluating a family-violence protective order. Some courts apply legal and factual sufficiency review while others apply an abuse of discretion standard. *Thoutam v. Paramkusam*, No. 05-22-00161-CV, 2023 WL 4758462, at *2 n.2 (Tex. App.—Dallas July 26, 2023, no pet.) (mem. op.). This appeal has been transferred to this Court from the Dallas Court of Appeals pursuant to docket equalization. *See* Tex. R. App. P. 41.3. Consistent with Texas Rule of Appellate Procedure 41.3, we apply the standard of review from that court which is a legal and factual sufficiency review. *See id.*

S.W.3d 757, 761 (Tex. 2003).

**ANALYSIS**

Russell challenges the evidence supporting the protective order granted only as to his children. A court shall render a protective order if the court finds that family violence has occurred. Tex. Fam. Code §§ 81.001, 85.001. "Family violence" is defined as

> an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself….

Tex. Fam. Code § 71.004(1). The definition of "family" includes individuals who are parents of the same child. Tex. Fam. Code § 71.003.

McDonald testified that Russell is the father of her children. She also testified that on September 26, 2024, Russell was advised not to come into the residence. Russell broke windows to gain access and broke doorknobs off doors to enter the rooms. There was a physical altercation and he hit McDonald. McDonald further testified that in February of 2025, Russell threatened to have his family come to McDonald's home to beat her and McDonald was concerned for her safety. Russell testified that while the police had been called to the residence he and McDonald shared multiple times, including on September 26, he had never been arrested for family violence. When police came, they could see that McDonald was aggressive. Russell testified he had never hit McDonald and would try to push her back when she would swing at him.

Viewing the evidence in the light most favorable to the trial court's judgment and recognizing that the trier of fact is the sole judge of the witnesses'

3

credibility, we conclude the evidence is legally and factually sufficient to support the court's determination that family violence occurred. *See Myers*, 2023 WL 415946, at *2 ("The court may believe all, part, or none of a witness's testimony and resolve any inconsistencies."). This finding also supports the inclusion of Russell's children as protected persons in the order.

While the trial court's order does not state that Russell committed family violence against his children, such a finding is not required for family members to be protected. An adult may file an application for a protective order to protect the applicant and "any other member of the applicant's family or household." Tex. Fam Code § 82.002(a). And the Family Code "does not limit the persons who may be protected to those who have already been victims. 'This is because an applicant's family members may be at risk of suffering family violence as a result of their relationship to the applicant, even though they have not yet suffered harm.'" *Myers*, 2023 WL 415946, at *2 (quoting *Dolgener v. Dolgener*, 651 S.W.3d 242, 260 (Tex. App.—Houston [14th Dist.] 2021, no pet.)).

Russell asserts that he wishes to be an active father, claiming the protective order has taken a mental and physical toll on his children and has impacted their behavior. But we may not modify a protective order; only the trial court has authority to do so. *See* Tex. Fam. Code Ann. § 87.001 ("On the motion of any party, the court, after notice and hearing, may modify an existing protective order to … exclude any item included in the order…."); *see also J.A.T. v. C.S.T.*, 641 S.W.3d 596, 616–17 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (recognizing that during the effective period of a protective order, the trial court retains plenary power to modify the order under section 87.001, including after an appeal). Accordingly, to the extent Russell requests that we modify the order, we decline to do so.

## CONCLUSION

For the reasons stated above, we hold that the protective order is supported by legally and factually sufficient evidence. We affirm the trial court's order.

<u>/s/ April Farris</u>
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.