

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00579-CV

Lee **ROBIN**,
Appellant

v.

**M & T BANK CORPORATION**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CI19825
Honorable Laura Salinas, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Lee Robin appeals a take nothing judgment entered by the trial court on his claims against
M & T Bank Corporation.[1] The judgment was based in pertinent part on a jury's findings that
both Robin and M & T failed to comply with a deed of trust, but M & T's failure to comply was
excused by Robin's previous failure to comply with a material obligation of the same agreement.
Robin presents four issues on appeal asserting: (1) M & T was not entitled to the defense of excuse;
(2) M & T's notice of the revocation of its waiver of escrow was a condition precedent to M & T's

---

[1] The judgment also ordered M & T take nothing on its counterclaim against Robin, but M & T does not appeal.

foreclosure; (3) the evidence is insufficient to support the jury's findings that Robin was the first to breach the deed of trust; and (4) M & T's defense of excuse was not supported by its pleadings. In addition to responding to Robin's issues, M & T raises two cross-points on appeal asserting the trial court's judgment should alternatively be affirmed because: (1) Robin failed to request a question on damages relating to his breach of contract claim against M & T; and (2) the evidence is legally insufficient to support the jury's finding that M & T failed to comply with the deed of trust. We overrule Robin's third issue and hold the evidence is sufficient to support the jury's finding that Robin failed to comply with the deed of trust. We sustain M & T's second cross-point and hold M & T did not fail to comply with the deed of trust as a matter of law. Because our resolution of these two issues is dispositive of this appeal, we affirm the trial court's judgment without addressing the other issues. *See* TEX. R. APP. P. 47.1.

## BACKGROUND

In 2006, Robin purchased a house for $400,000. In order to purchase the house, Robin obtained a loan from Bank of America for $320,000 which was secured by a deed of trust. The loan was a non-escrowed loan, requiring Robin to pay a mortgage payment for principal and interest of $1,892.93, and separately requiring Robin to timely pay the property taxes assessed against the house. Bank of America assigned the note and deed of trust to M & T in November of 2011. At that time, Robin was behind on his payments but subsequently brought the loan current.

Bexar County sent Robin a bill for the 2011 property taxes in October of 2011. The property taxes are due on receipt of the bill, and the failure to pay the property taxes by January 1, 2012 creates a lien against the property in favor of Bexar County. Property taxes that remain unpaid on February 1, 2012, are considered delinquent and incur additional penalties and interest. The evidence is undisputed that Robin did not pay the property taxes before February 1, 2012, causing them to become delinquent.

Discovering the taxes were delinquent, M & T issued a check to pay the taxes on March 21, 2012, which was mailed on March 23, 2012. Robin also mailed a check to pay the taxes around the same time. Bexar County received and processed Robin's check on March 26, 2012, and M & T's check on March 27, 2012.

Because Robin failed to timely pay the taxes, M & T sent Robin an Annual Escrow Account Disclosure Statement dated March 26, 2012. The statement notified Robin that an escrow account was being established for his loan which would increase his monthly mortgage payment to $3,577.95 effective May 1, 2012.

On April 12, 2012, Bexar County mailed a refund application for the overpayment of the 2011 property taxes. Because Bexar County applied Robin's payment, the application should have been sent to M & T; however, Bexar County erroneously sent the application to Robin.

On April 13, 2012, M & T sent Robin a mortgage statement showing the total amount due on May 1, 2012, was $3,577.95 which included the principal and interest payment of $1,892.93, an escrow payment for future taxes of $650.59, and an escrow shortage payment of $1,034.43.

On April 30, 2012, Robin sent M & T a $10,000 electronic payment. Because Robin did not specify the manner in which he wanted the payment applied, M & T applied the payment in accordance with the terms of the deed of trust, paying the interest and principal owed by Robin for his May 1, 2012 payment, and applying the balance to the escrow shortage. On the same day, M & T sent Robin a mortgage statement showing the manner in which the payment was applied and noting Robin's next payment of $3,577.95 was due on June 1, 2012.

On June 18, 2012, M & T sent Robin a mortgage statement showing the June payment had not been paid, a late fee had been assessed, and the amount due on July 1, 2012 would be $7,250.55. In late June, Robin returned the completed refund application for the tax overpayment to Bexar County. On June 28, 2012, Bexar County called Robin and informed him the refund application

was sent to him in error because M & T was entitled to the refund.[2] After speaking with Bexar County, Robin called M & T and informed M & T about the taxes being paid twice; however, M & T's call log does not show Robin informed M & T that M & T was entitled to a refund for the overpayment. Instead, Robin requested that M & T pay his June payment from funds deposited into the escrow account from his $10,000 payment. Although M & T was not required to transfer the funds in the manner requested under the terms of the deed of trust, M & T transferred the funds, bringing the June payment current. On July 2, 2012, M & T sent Robin a statement showing the June payment of $3,577.95 was paid from the escrow account.

On July 16, 2012, M & T sent Robin a statement showing the July payment had not been paid, a late fee had been assessed, and the total payment due on August 1, 2012, would be $7,345.20. On August 6, 2012, M & T sent Robin a letter informing him that his mortgage payment was thirty days or more past due and the loan was in default. The letter further informed Robin that options were available to him and encouraged him to contact M & T regarding available assistance. The letter included attachments containing information on avoiding foreclosure, a list of frequently asked questions and answers, and a uniform borrower assistance form.

On August 16, 2012, M & T sent Robin a mortgage statement showing the August payment had not been paid, a late fee had been assessed, and the total amount due on September 1, 2012, would be $11,017.80. On August 28, 2012, M & T sent Robin notice of default, stating if he failed to cure the default within thirty days, the unpaid balance of the loan would be accelerated and become immediately due and payable, and foreclosure proceedings may be commenced.

---

[2] Although a Bexar County employee testified Bexar County then sent a refund application to M & T, M & T never received the refund application.

On August 30, 2012, Robin contacted M & T and informed M & T that it was entitled to a refund for the overpayment of the taxes. CoreLogic, the company M & T retains to handle tax payments on its loans, began researching the refund process.

On September 5, 2012, M & T sent Robin a letter notifying him his loan was sixty or more days past due and may be referred to foreclosure. The letter again informed Robin that options may be available and included the same attachments provided with the August 6, 2012 letter.

On September 17, 2012, M & T sent Robin a mortgage statement showing the September payment had not been paid, a late fee had been assessed, and the total amount due on October 1, 2012 would be $14,704.40. On October 22, 2012, M & T's attorney sent Robin a letter stating M & T had elected to accelerate the loan and the property was posted for foreclosure on December 4, 2012. On October 30, 2012, M & T's attorney sent Robin a letter informing him of loan workout options that were available to avoid foreclosure. On December 4, 2012, M & T sold the house at foreclosure for $265,000. Bexar County mailed the property tax refund check to M & T on December 3, 2012, which M & T received on December 28, 2012 and applied to Robin's deficiency balance.

## STANDARD OF REVIEW

In reviewing a challenge to the legal sufficiency of the evidence, "we consider whether the evidence at trial would enable a reasonable and fair-minded fact finder to reach the verdict under review." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). Evidence is legally insufficient to support a jury finding when "the evidence offered to prove a vital fact is no more than a mere scintilla." *Id*. "The record contains more than a mere scintilla of evidence when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id*. "Conversely, the record contains less than a scintilla when the evidence offered to prove a vital fact's existence is so weak as to do no more than create a mere surmise or suspicion." *Id*. (internal

quotation omitted). "When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## DISCUSSION

In its second cross-point, M & T contends the evidence is legally insufficient to prove that it failed to comply with the deed of trust. Robin counters the evidence establishes M & T breached the deed of trust by failing to send a notice of revocation of waiver of escrow as required by section 3 of the deed of trust. Robin then relies on its contention that M & T failed to send proper notice of revocation to assert M & T improperly established the escrow account and, therefore, improperly applied his $10,000 payment.

It is undisputed that Bank of America initially waived the requirement that Robin pay funds into an escrow account that would be used to pay property taxes. With regard to revoking the waiver, section 3 provides, "Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3." Section 15 of the deed of trust simply requires notices to be in writing and mailed by first class mail or otherwise actually delivered to "Borrower's notice address."

In this case, it is undisputed that M & T mailed an Annual Escrow Account Disclosure Statement ("Escrow Statement") to Robin on March 26, 2012. The Escrow Statement provided notice to Robin that he would be required to pay additional funds to M & T beginning May 1, 2012 for deposit into an escrow account to repay the amount M & T paid Bexar County for the 2011 property taxes and to have sufficient funds on deposit to pay the 2012 property taxes. It is also undisputed that the notice was mailed to Robin's "notice address." M & T and Robin disagree,

however, as to whether the Escrow Statement provided the notice required under section 3 for M & T to revoke the prior waiver of the requirement that Robin pay funds into an escrow account for payment of property taxes.

Although the jury charge contained a question regarding whether M & T failed to comply with the deed of trust, "[w]hether a party has breached a contract is a question of law for the court, not a question of fact for the jury, when the facts of the parties' conduct are undisputed or conclusively established." *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010); *see also Benavides v. Benavides*, No. 04-11-00252-CV, 2011 WL 5407493, at *1 (Tex. App.—San Antonio Nov. 9, 2011, pet. denied) (mem. op.) ("When the facts surrounding performance of an unambiguous contract are undisputed, the determination of whether a party has breached the contract is a question of law for the court and not a question of fact for the jury."). Neither party claims the deed of trust is ambiguous, and we hold it is not. *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018) ("The question of whether a contract is ambiguous is a question of law for the court."). Any error by a trial court in submitting a question of law to a jury is considered harmless where the jury's answers can be deemed immaterial and disregarded. *Grohman*, 318 S.W.3d at 887.

In this case, the facts are undisputed that M & T sent the Escrow Statement to Robin; therefore, whether M & T breached the notice provision in the deed of trust by sending the Escrow Statement is a question of law. Because we hold the Escrow Statement was "notice given in accordance with Section 15" that M & T was revoking the waiver of escrow, we hold M & T did not fail to comply with the deed of trust as a matter of law. Accordingly, we sustain M & T's second cross-point.

In his third issue, Robin contends the evidence is insufficient to support the jury's finding that he failed to comply with the deed of trust. As previously noted, Robin's obligation to pay

funds into escrow for the property taxes was initially waived. Because the requirement was waived, section 3 of the deed of trust provided, "Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender." Accordingly, Robin was obligated to pay the property taxes "when and where payable." The evidence is undisputed that property taxes are considered delinquent if not paid by January 31, 2012, and Robin did not pay the property taxes by that date. Accordingly, the evidence is sufficient to support the jury's finding that Robin breached the deed of trust by failing to pay the property taxes "when payable,"[3] and we overrule Robin's third issue.

CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[3] Robin also argues his breach was not material. We note, however, the jury was not instructed that a breach must be material in order for it to find Robin failed to comply with the deed of trust in responding to question 9. Instead, the only reference to a materiality requirement in the jury charge is in question 2 in which the jury was instructed M & T's failure to comply with the deed of trust is excused by Robin's previous failure to comply with a "material obligation." Because we have held M & T did not fail to comply with the deed of trust as a matter of law, we need not address whether Robin breached a "material obligation."