

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | § | No. 08-22-00159-CV |
| K.J.R.-M., | § | Appeal from the |
| A Juvenile. | § | 65th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2100227) |

## MEMORANDUM OPINION

Appellant K.J.R.-M., a juvenile, whose conduct had been previously adjudicated as delinquent, asserts the trial court abused its discretion when it modified her probation to a commitment to the Texas Juvenile Justice Department (TJJD). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, K.J.R.-M., then 14 years-old, was adjudicated for Possession of a Controlled Substance with Intent to Deliver Penalty Group 1, 4 grams or more but less than 200 grams, a first-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). On October 21, 2021, K.J.R.-M. was placed on probation with the El Paso County Juvenile Probation Department (the Department).

About seven months later, on June 23, 2022, the trial court held a hearing on the State's motion to modify K.J.R.-M.'s probation. K.J.R.-M. pled true to violating several conditions of her probation including the following: consuming or possessing marijuana; failing to report to her probation officer; failing to remain in El Paso County; failing to comply with the GPS program; failing to attend school; failing to attend family counseling sessions; failing to submit to drug tests; and failing to abide by the terms and conditions of the Serious Habitual Offender Comprehensive Action Program. The trial court granted the State's motion. The trial court set a disposition hearing on July 22, 2022.

Evidence at the July hearing focussed on K.J.R.-M.'s probation violations and possible placement.

### A. Probation officer's testimony

Probation Officer Arlene Lira testified the Department's recommendation was K.J.R.-M. be committed to TJJD. Lira explained K.J.R.-M. did not lend herself to suitable supervision and had absconded for seven months while on probation. K.J.R.-M. was placed on probation on October 21, 2021, and absconded less than a month later, on November 5, 2021.

In October 2021, K.J.R.-M. was placed with an unrelated guardian, Leslie Amaya. K.J.R.-M. reported a man with access to the home had made her feel uncomfortable. After K.J.R.-M. absconded, Lira attempted to contact K.J.R.-M.'s mother who was uncooperative and eventually stopped answering Lira's calls. A directive to apprehend K.J.R.-M. was issued on November 8, 2021. K.J.R.-M. was finally detained in New Mexico on May 20, 2022, and transported back to Texas.

After leaving Amaya's home, K.J.R.-M. stayed with a sister before going to live with her girlfriend. K.J.R.-M. reportedly turned herself in because her mother threatened to call the police

after she went to live with her girlfriend. K.J.R.-M. admitted to Lira she had smoked marijuana with her girlfriend.

After K.J.R.-M. was detained in 2022, the Department determined she did not qualify for the Challenge Program because she did not have a parent available to participate in it. Further, the Department determined K.J.R.-M.'s aunt was not a suitable placement due to her criminal history. The aunt had been convicted of Aggravated Assault with a Deadly Weapon, violated that probation, and was subsequently sentenced to two years in TDCJ. Further, she was convicted of a federal offense, attempting to bring an undocumented child into the country. The aunt violated her probation by testing positive for cocaine and was subsequently sentenced to seven months in federal prison.

According to Lira, at TJJD K.J.R.-M. would undergo a 90-day assessment period to determine which services would support her rehabilitation. Further she would receive education, mental heath, substance abuse, and counseling services. Finally, K.J.R.-M. would have an opportunity to obtain her G.E.D., attend trade school, and enroll in a local community college. Lira testified commitment to TJJD was in K.J.R.-M.'s best interest.

**B. K.J.R.-M.'s testimony**

K.J.R.-M.'s testimony focused on her issues with the initial placement and her actions when she absconded. In her initial placement, K.J.R.-M. reported a number of issues, the most concerning, was a landlord who began touching her and attempted to get close to her. The day K.J.R.-M. ran away, the landlord had used his key to enter the home, so K.J.R.-M. hid in the bathroom with a knife. As a result, K.J.R.-M. cut off her GPS monitor and ran out of the home.

3

In November 2021, after she ran away, K.J.R.-M. lived with her 17-year-old sister and four younger siblings in New Mexico. In May 2022, K.J.R.-M. ran away from her sister and went to live with K.J.R.-M.'s girlfriend. K.J.R.-M. admitted to consuming marijuana with her girlfriend.

### C. The aunt's testimony

K.J.R.-M.'s aunt testified she currently lived in Chaparral, New Mexico with her partner and children. The aunt testified in 2014, she had was placed on probation, in Texas but was eventually revoked. In either 2017 or 2018, she was placed on a federal probation and subsequently revoked.

After being released from TDC two years earlier, the aunt had taken steps to move on from her convictions. She did not originally volunteer to take K.J.R.-M. in because her partner was not willing to take responsibility for K.J.R.-M. at that time. Further, the aunt was concerned her past criminal history would bar her from being K.J.R.-M.'s guardian. At the July hearing, however, the aunt testified both she and her partner were willing to take K.J.R.-M. into their home. She understood the duties involved and was committed to helping K.J.R.-M. She promised she would report any drug use by K.J.R.-M. while in her care to the Department.

### D. Trial court's judgment

The trial court followed the Department's recommendation and committed K.J.R.-M. to TJJD for the remainder of her two-year term. K.J.R.-M.'s appeal followed.

## DISCUSSION

In her sole issue, K.J.R.-M. argues the trial court abused its discretion when it modified her probation and committed her to TJJD. We disagree.

### A. Standard of review and applicable law

We review a trial court's modification of a disposition order for an abuse of discretion. *Matter of V.L.T.*, 570 S.W.3d 867, 869 (Tex. App.—El Paso 2018, no pet.). A trial court has broad discretion in determining a suitable disposition for a child who has been adjudicated as having engaged in delinquent behavior, but it abuses that discretion "when it acts unreasonably or arbitrarily without reference to any guiding rules or principles." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)). "A juvenile court does not abuse its discretion merely because it decides a matter differently than the appellate court would in a similar situation." *Id.* (citing *In re M.O.*, 451 S.W.3d 910, 914 (Tex. App.—El Paso 2014, no pet.).

A juvenile court's determination whether to modify a disposition order is guided by § 54.05 of the Texas Family Code. *Id.* When the disposition to be modified is based on a felony offense, it may be modified to commit the child to the TJJD if the juvenile court determines by preponderance of the evidence of the juvenile violated a reasonable and lawful order of the court. *Id. see* TEX. FAM. CODE ANN. § 54.05(f). In modifying a disposition order by committing the juvenile to TJJD, the court must determine and include in its order (1) placing the juvenile outside her home was in the her best interest; (2) reasonable efforts were made to avoid removal from the home and to make it possible to return; and (3) the quality of care and level of support and supervision the juvenile needs to be able to meet the conditions of probation cannot be provided in her home. *Matter of V.L.T.*, 570 S.W.3d at 869; TEX. FAM. CODE ANN. § 54.05(m).

A finding of reasonable efforts can be supported by evidence the juvenile was aware of what she needed to do to stay on probation but failed to comply with multiple probation terms. *See In re J.J.N.*, No. 2-02-204-CV, 2003 WL 253660, at *3 (Tex. App.—Fort Worth Feb. 6, 2003, no pet.) (mem.op.) (holding evidence supported the trial court's reasonable efforts finding when

felony-adjudicated juvenile was placed on intensive supervised probation with electronic monitoring, was fully aware of the requirements of his probation, and failed to comply with probation terms). Evidence the Department considered alternative programs other than TJJD unsuitable can also support a finding of reasonable efforts. *See Matter of V.L.T.*, 570 S.W.3d at 873 (holding evidence supported the trial court's reasonable efforts finding where felony-adjudicated juvenile violated probation multiple times and the Department provided testimony about other programs which it considered but could not be utilized).

Our review follows a two-pronged analysis: "(1) was there sufficient information upon which to exercise discretion, and (2) did the juvenile court err in its application of discretion?" *Matter of V.L.T.*, 570 S.W.3d at 869. We review the evidence supporting the juvenile court's findings under the civil sufficiency of the evidence standards. *Id.* In determining whether there was legally sufficient evidence to support a finding, "we consider evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not." *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005)). After considering all the evidence in the record, we will set aside a finding only if we determine "the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, as to be manifestly wrong." *Id.* at 870 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

### B. Analysis

K.J.R.-M. argues the trial court abused its discretion when it committed her to TJJD because it did not make reasonable efforts to place her in a home. K.J.R.-M.'s argument focuses on her aunt's changed circumstances. Our task is to determine whether there was sufficient evidence to support the trial court's exercise of discretion regarding the finding the Department

6

made reasonable efforts before committing K.J.R.-M. to TJJD. *See Matter of V.L.T.*, 570 S.W.3d at 869.

The uncontradicted testimony established K.J.R.-M. was adjudicated for a felony and less than three weeks later, absconded while on probation. It was uncontroverted, K.J.R.-M. did not report to the Department, as required by her probation, for over than six months. During that time, K.J.R.-M. violated her probation by: consuming or possessing marijuana; failing to report to her probation officer; failing to remain in El Paso County; failing to comply with the GPS program; failing to attend school; failing to attend family counseling sessions; failing to submit to drug tests; and failing to abide by the terms and conditions of the Serious Habitual Offender Comprehensive Action Program. K.J.R.-M.'s aunt testified to her ability and willingness to care for her, however, it was uncontroverted the aunt's criminal history included revoked state and federal probations. The Department's evidence showed K.J.R.-M. did not qualify for the Challenge program due to the lack of a parent to participate.-No alternative placement was put forth by either party.

The record clearly demonstrates the Department originally rejected the option of placing K.J.R.-M. with her aunt due to her aunt's criminal history and the partner's hesitancy. After K.J.R.- M. absconded and failed to contact the Department for several months, the aunt's partner became willing to care for K.J.R.-M., but her aunt's criminal history remained unchanged. Further, the record demonstrated she had, like K.J.R.-M., violated her probation conditions subjecting her to two revocations. Coupled with the unavailability of the Challenge Program supports the trial court's finding the Department made reasonable efforts to avoid placement of K.J.R.-M. at TJJD. *See Matter of V.L.T.*, 570 S.W.3d at 873 (holding evidence supported the trial court's decision to commit a felony-adjudicated juvenile to the Texas Youth Commission when the juvenile violated probation multiple times and the Department provided testimony about other programs which were

7

considered but could not be utilized); *In re J.L.H.*, No. 10-08-00126-CV, 2009 WL 201354, at *3 (Tex. App.—Waco Jan. 28, 2009, no pet.) (mem.op.) (holding evidence supported the trial court's reasonable efforts finding where the juvenile ran away from a previous placement and Department did not approve juvenile's placement with a parent because the parent had pending criminal charges, unemployment, and lack of disciplinary skills). The record before us indicates the trial court considered this evidence in modifying K.J.R.-M.'s probation to a TJJD commitment.

The evidence provided sufficient basis showing the Department made reasonable efforts to avoid placement at TJJD, it was in K.J.R,-M.'s best interest and there was no other alternative placement. Here, we find sufficient evidence for the trial court to exercise its discretion. The credible evidence demonstrates the commitment to TJJD, as opposed to with K.J.R.-M.'s aunt, was not an abuse of discretion.

## CONCLUSION

We affirm the trial court's judgment.

YVONNE T. RODRIGUEZ, Chief Justice

June 6, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.