# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00450-CV

---

**Jeremy Justin McCombs, Appellant**

**v.**

**The State of Texas for the Protection of Lacey Faith McCombs, Appellee**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2024-0936E, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jeremy Justin McCombs appeals from a fifteen-year family-violence protective order granted in favor of his wife, Lacey Faith McCombs.[1] He argues that the evidence is legally and factually insufficient to support the order, and that the trial court abused its discretion by limiting his cross examination of Lacey. We affirm.

### BACKGROUND

Lacey applied for a protective order against Jeremy under the Texas Family Code, alleging he had engaged in acts of family violence. *See* Tex. Fam. Code §§ 85.001–.065 (protective orders for victims of family violence).

At the time of the hearing before the district court on Lacey's application, she and Jeremy were married, but separated. Among other incidents, Lacey testified about two alleged

---

[1] Because the parties share a surname, we refer to them by their first names.

instances of strangulation. She testified that in the first incident, Jeremy became frustrated when she was struggling to assist him in making an online order for food. Jeremy was leaving the house to pick up the food when he drove his truck back up the driveway, "gunned in real close," got out of the truck, slapped her, and put both his hands around her neck, strangling her until she lost consciousness. Lacey "woke up" on the ground, in the dirt, dizzy and momentarily immobilized. She testified that she "forgot who [she] was" and was "dead, basically." After this incident, Jeremy treated her like "nothing happened."

Lacey testified that in a second incident the following year, Jeremy's sister had been visiting and Lacey was catching up on chores following her departure. Jeremy asked for Lacey's help with a task, and when Lacey didn't stop immediately to help him, he became angry and started yelling. Lacey "tried to look for an exit," walking from the kitchen to the laundry room so she could be "where people could hear" when Jeremy came up behind her and strangled her until she passed out. Again, after this incident, Jeremy acted like nothing had happened.

Lacey testified that shortly after the second strangulation, Jeremy threw rocks and dog feces at her and punched her on the side of her body, resulting in a bruised rib. Following these incidents, she decided to leave. She testified that she had reported the abuse to the police and was now seeking a lifetime protective order.

Lacey's aunt, Jeremy's sister, two family friends, and Jeremy also testified at the hearing. Jeremy testified that he had never hit or kicked Lacey, never thrown rocks or feces at her, and never strangled her.

Jeremy introduced exhibits including a text exchange between Lacey and her aunt, a "Child Custody Agreement," a letter from the Department of Family and Protective Services

2

ruling out alleged neglectful supervision by Lacey and Jeremy, a photograph of a moving trailer and boxes, and a video depicting Lacey's departure from the family home the day she left.

Following the presentation of evidence, the trial court granted a fifteen-year protective order under Chapter 85 of the Texas Family Code, finding that Jeremy had "committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household." *See id.* § 85.025(a-1)(1) (allowing for issuance of protective order effective for period in excess of two years if court finds subject of protective order committed act constituting felony offense involving family violence against applicant); Tex. Penal Code § 22.01(b)(2)(B) (defining impeding normal breathing or circulation of family member as third-degree felony).

This appeal followed.

## DISCUSSION

### Sufficiency of Evidence

In his first issue, Jeremy challenges the sufficiency of the evidence supporting the protective order. We review the trial court's determinations in issuing the order under legal and factual sufficiency standards.[2] *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *B.C. v. Rhodes*, 116 S.W.3d 878, 883 (Tex. App.—Austin 2003, no pet.); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005) (describing legal sufficiency review); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency review).

---

[2] Appellant briefs his complaint under an abuse of discretion standard, but this Court evaluates family-violence protective orders for legal and factual sufficiency of the evidence. *See, e.g.*, *Martin v. Martin*, 545 S.W.3d 162, 166 (Tex. App.—El Paso 2017, no pet.) (citing difference between El Paso Court of Appeals and this Court as to applicable standard of review of protective orders).

Under legal and factual sufficiency standards, the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See City of Keller*, 168 S.W.3d at 819 (under legal sufficiency standard, fact-finder is "the sole judge[] of the credibility of the witnesses and the weight to give their testimony"); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) ("[I]n conducting a factual sufficiency review, a court must not merely substitute its judgment for that of the jury.").

At the close of a hearing on an application for a protective order, a trial court must grant a protective order if it determines that family violence has occurred. Tex. Fam. Code § 85.001(b)(1) (setting out required findings and orders for issuance of protective order). The court may render a protective order that is effective for a period that exceeds two years if the court finds that the person who is the subject of the protective order committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household, regardless of whether the person has been charged with or convicted of the offense. *See id.* § 85.025(a-1)(1). An assault committed against a spouse by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth is a felony of the third degree. Tex. Penal Code § 22.01(a)(1), (b)(2)(B) (providing elements of assault and degrees of offense); Tex. Fam. Code § 71.003 (defining family).

In this case, the trial court, as the factfinder, reasonably could have considered Lacey's testimony that Jeremy had impeded her breathing on two separate occasions to the point that she lost consciousness when it decided to grant the protective order. *See City of Keller*, 168 S.W.3d at 819–20, 822; *Golden Eagle Archery*, 116 S.W.3d at 761. On appeal, Jeremy argues that inconsistencies in Lacey's account of the abuse as well as the documentary evidence he

4

presented rendered her account unreliable. At trial Jeremy testified that he had never "choked" Lacey. Nevertheless, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony and was entitled to credit Lacey's testimony and disbelieve Jeremy's contradictory testimony. *See City of Keller*, 168 S.W.3d at 819. Viewing the evidence under the applicable standards of review, we conclude that the evidence is legally and factually sufficient to support the trial court's finding that Jeremy had committed an act constituting a felony offense involving family violence against Lacey.[3] *See* Tex. Fam. Code §§ 85.001(b)(1), .025(a-1); Tex. Penal Code § 22.01(b)(2)(B); *City of Keller*, 168 S.W.3d at 819–20, 822; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

We therefore hold the evidence was legally and factually sufficient to support the protective order and overrule Jeremy's first issue.

**Scope of Cross-Examination**

In his second issue, Jeremy argues that the trial court's restriction of his counsel's cross-examination of Lacey's testimony "impeded a fair trial."

To present a complaint for appellate review, a party must first present it to the trial court by a timely request, objection, or motion stating the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Jeremy never argued that the trial court's rulings on objections from the State denied him due process. Accordingly, Jeremy's due process argument

---

[3] Jeremy's argument on appeal concerning the proper scope of protective orders relying on Texas Rule of Civil Procedure 192.6(b) is inapposite because that rule applies to discovery in civil proceedings. *See* Tex. R. Civ. P. 192.6(b). His evidentiary complaint in support of this point does not contain argument for the contentions made or citations to authorities and is therefore inadequately briefed. *See* Tex. R. App. P. 38.1(i).

has not been preserved for review. *See id*.; *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) (requiring preservation for review of constitutional claims).

To the extent Jeremy identifies specific instances of the trial court's improper restriction on his cross-examination—the trial court's limitation on his ability to question Lacey (1) regarding a "medical document suggesting bruising could result from domestic violence" and (2) regarding her "allegation that Appellant coerced her to relinquish parental rights"—these complaints likewise have not been preserved for review. In addition to failing to cite where these instances occur in the record, Jeremy's appellate brief does not identify objections during Lacey's testimony that were improperly ruled upon.

Because Jeremy has not preserved this issue for our review, we overrule it.

## CONCLUSION

Having overruled Jeremy's issues, we affirm the trial court's protective order.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis and Crump

Affirmed

Filed: July 10, 2025

6